## HEATH *v.* THE STATE OF INDIANA.

[No. 21,461.   Filed January 6, 1910.]

1. STATUTES.—*Repeal.—Rape.—Consent, Age of.—Penalty.*—Section 361 of the act of 1905 (Acts 1905, p. 62, §2004 Burns 1905), providing that any male person having sexual intercourse with a girl under fourteen years of age shall be guilty of rape, and if the girl be under ten, he shall be imprisoned during life, was not repealed by §2250 Burns 1908, Acts 1907, p. 85, fixing the age of consent at sixteen, and fixing the penalty of imprisonment for life if the girl be under twelve, such former statute being merged and continued in force by the latter statute.   p. 297.

2. STATUTES.—*Repeal.—Penalties.—Liabilities.*—Under §248 Burns 1908, §248 R. S. 1881, the repeal of a statute does not release or extinguish any liability incurred . thereunder, unless the repealing statute clearly so provides.   p. 298.

3. CRIMINAL LAW.—*Plea in Abatement.—Request to File, after Evidence Heard.*—The overruling of a request to file a plea in abatement after the hearing of the evidence for the prosecution, no excuse being made for the failure to file it before the filing of the plea in bar, is not erroneous.   p. 290.

4. RAPE.—*Infants.—Evidence.—Unchastity.*—In a prosecution for the rape of a girl under the age of fourteen, evidence of the girl's unchastity is wholly irrelevant.   p. 299.

5. TRIAL.—*Argument to Jury.—Misconduct of Counsel.—Appeal.*—No question concerning alleged misconduct of counsel in the argument to the jury, which is set out in the motion for a new trial, can be considered, on appeal, unless some motion was made in reference to such misconduct, an exception saved to the ruling thereon, and the language used brought into the record by a bill of exceptions, a recital thereof in the motion for a new trial being insufficient.   p. 300.

6. TRIAL.—*Argument to Jury.—Admonition of Court.*—Where the trial court admonished the jury not to regard anything said by the counsel which was outside of the record, and the parties took no further action with reference thereto, acquiescence in such action is presumed.    p. 301.

7. APPEAL.—*Instructions.—Record.*—Where the instructions in a criminal case are not made a part of the record by bill of exceptions, no question can be presented thereon on appeal.    p. 301.

8. RAPE.—*Evidence.*—Evidence that a man twenty-six years old had sexual intercourse with a girl thirteen, sustains a verdict of guilty of rape, although the defendant testified that from the girl's appearance and statements he believed her to be fifteen. p. 301.

From Dubois Circuit Court; *John L. Bretz,* Judge.

Prosecution by the State of Indiana against Lee Heath. From a judgment of conviction, defendant appeals.    *Affirmed.*

*R. W. Armstrong* and *R. M. Milburn,* for appellant.

*James Bingham,* Attorney-General, *Alexander G. Cavins, Edward M. White* and *William H. Thompson,* for the State.

MONTGOMERY, J.—Appellant was convicted of the crime of rape upon a child under fourteen years of age, and has assigned as errors the overruling of (1) his motion to quash the affidavit; (2) his request for leave to withdraw his plea of not guilty; for the purpose of filing an answer in abatement, (3) his motion for a new trial, and (4) his motion in arrest of judgment.

This prosecution was founded upon section 361 of the act of 1905 concerning public offenses (Acts 1905, p. 62, §2004 Burns 1905). This section was amended by the act 1. of February 26, 1907 (Acts 1907, p. 85, §2250 Burns 1908) ; and in support of the motion to quash, it is contended that the amendatory act repealed the former statute by implication, and contained no saving clause, hence this prosecution cannot be maintained. The amending act of 1907 is in the exact language of the original statute, except that the age of consent is made sixteen years instead of fourteen years, and in the proviso life imprisonment is im-

posed in case the child is under twelve years of age instead
of ten, as provided in the former act.   These changes indi-
cate no intent on the part of the legislature to strike down
the former law and release persons guilty of offenses there-
under from liability, but on the other hand, clearly manifest
a purpose to continue and enlarge the provisions of the exist-
ing statute.   Any violation of the provisions of the former
act would in like manner constitute an offense under the
amended statute.   In other words, all the provisions of the
statute of 1905, *supra,* with the enlargements before men-
tioned, are incorporated in the act of 1907, *supra,* so that
the rule applies that where a statute is repealed and its pro-
visions are at the same time reënacted by the repealing act,
the effect is that the earlier statute is not in fact repealed,
but its provisions are merged and continued in operation,
and all liabilities incurred thereunder may be enforced.
*Cheezem* v. *State* (1850), 2 Ind. *149; *Alexander* v. *State*
(1857), 9 Ind. 337; *Cordell* v. *State* (1864), 22 Ind. 1;
*Sage* v. *State* (1891), 127 Ind. 15; *Commonwealth* v. *Ansel-
vich* (1904), 186 Mass. 376, 71 N. E. 790, 104 Am. St. 390;
*State* v. *Williams* (1895), 117 N. C. 753, 23 S. E. 250;
*Glentz* v. *State* (1875), 37 Wis. 549; *Stenberg* v. *State, ex
rel.* (1897), 50 Neb. 127, 69 N. W. 849; *State* v. *Kibling*
(1888), 63 Vt. 636, 22 Atl. 613.

If the legislative purpose to preserve the substance of the
former statute were not plain, as shown, but were doubtful,
the general statute of March 13, 1877 (Acts 1877
[s. s.] p. 73, §248 Burns 1908, §248 R. S. 1881),
declarative of the continuing policy of the State, that
the repeal of any statute shall not have the effect to release
or extinguish any penalty or liability incurred under such
statute unless the repealing act expressly so provide, would
be sufficient to uphold this prosecution.   *State* v. *Hardman*
(1896), 16 Ind. App. 357; *Commonwealth* v. *Duff* (1888),
87 Ky. 586, 9 S. W. 816; *People* v. *McNulty* (1892), 93 Cal.
427, 26 Pac. 597, 29 Pac. 61; *Jordan* v. *State* (1869), 38

Ga. 585. It follows that the motions to quash and in arrest of judgment were rightly overruled.

Appellant pleaded not guilty to the charge, and the trial proceeded until all the evidence in behalf of the State had been introduced, whereupon leave was asked to withdraw the general plea for the purpose of filing an answer in abatement. This request was denied, and this ruling was made a ground for a new trial. Assuming that the court upon a proper showing had authority to grant appellant's request, still in this case no excuse whatever is made to appear why the proposed plea was not filed at the proper time. Pleas in abatement are not favored, and except where statutes prescribe a different rule of practice they must precede pleas in bar. *Pointer* v. *State* (1883), 89 Ind. 255; *Cooper* v. *State* (1889), 120 Ind. 377. It would manifestly be an intolerable practice to permit a defendant to plead to the merits and remain silent until all the evidence against him had been heard, and then, upon his mere request, have the trial arrested, the submission set aside and his plea of not guilty withdrawn, in order to file a plea in abatement. If a trial court may under any circumstances exercise the extraordinary power invoked in this connection, a question which we need not and do not decide, it must at most be a discretionary power whose exercise can only be justified upon a clear and strong showing that injustice would otherwise result. No showing whatever was made in this case, and certainly no abuse of judicial discretion, if any rested with the court, appears.

Appellant's counsel asked the prosecuting witness, on cross-examination, whether at a time stated she had told her father of her illicit relations with other young men, and whether she had not filed affidavits against other young men named. It is argued that the evidence sought by these questions tended to prove the unchastity of the prosecutrix, and to exhibit her depraved and immoral nature. The charge in this case did not involve the prose-

cuting witness's general chastity or unchastity, or any question as to whether the sexual acts with appellant were with or without her consent. If appellant had sexual intercourse with the witness at a time when she was under fourteen years of age the offense was complete, since under the law she was incapable of consenting to such an act, and it was immaterial whether her life had been previously chaste or unchaste.

The court refused to allow the father of the prosecuting witness to state whether he had filed an affidavit against a certain young man and caused his arrest on a charge similar to that preferred against appellant, and also refused to admit in evidence affidavits made by the prosecuting witness charging certain young men with like offenses. These matters were all manifestly improper and irrelevant, and the court very properly excluded them. The only pertinent inquiry was whether appellant committed the offense charged, and not whether other men were or were not guilty of like offenses upon the same person.

It is alleged in the motion for a new trial that the prosecuting attorney in the closing argument misquoted the language of appellant's counsel, and wrongfully stated

5. to the jury "that he would not do as counsel for defendant had done, and would not tell the jury that if they did not find the defendant not guilty that he would send them to the asylum or call them grasshoppers." The record, outside the motion for a new trial, does not show that such an incident as that relied on occurred. Matters of this character cannot be shown by mere recitals in the motion for a new trial, but must be brought into the record by a bill of exceptions. *Siberry* v. *State* (1896), 149 Ind. 684; *Reed* v. *State* (1897), 147 Ind. 41; *Masterson* v. *State* (1896), 144 Ind. 240, 245; *Robb* v. *State* (1896), 144 Ind. 569; *Kleespies* v. *State* (1886), 106 Ind. 383.

It is furthermore conceded by appellant's counsel that in this connection the court did not admonish the jury that any-

thing said outside of the record by counsel on either side should have absolutely no weight in their minds.

In the absence of a request for and refusal to take some further specific action, we must presume that appellant acquiesced in this admonition given by the court, and no question for review was saved. *Hill* v. *State* (1908), 169 Ind. 561.

Counsel for appellant earnestly insist that errors were committed in the giving and refusing to give numerous instructions. The Attorney-General calls attention to the fact that the instructions have not been brought into the record by a bill of exceptions, and hence are not before the court for consideration. This objection is well taken, and we are precluded from considering any question relating to giving or refusing to give instructions. *Curless* v. *State* (1909), 172 Ind. 257; *Ludwig* v. *State* (1908), 170 Ind. 648; *Williams* v. *State* (1908), 170 Ind. 642; *Donovan* v. *State* (1908), 170 Ind. 123.

It is finally insisted that the evidence is insufficient to sustain the verdict. The prosecuting witness was fourteen years of age on August 1, 1907, and appellant was twenty-six years old in May of the same year, and for many years they lived on adjoining farms. The girl testified that he had been having sexual intercourse with her ever since she was nine or ten years of age, at her home in Dubois county, and that the last sexual act between them was about a year before her father left the farm and moved to town, which removal was in October, 1907. Appellant testified that on May 1, 1906, he went to Champaign, Illinois, and remained there continuously until February, 1907; that he had never had sexual relations with the girl previous to his going away, but that he did have such intercourse with her in August or September, 1907; that at the time she told him she was fifteen years old, and he believed that to be her age; that he had known her since she was born. It is clear that this evidence was sufficient to authorize the jury to re-

turn a verdict of guilty. Appellant's absence from the State for the period mentioned is wholly insufficient to make out a complete defense. The girl's appearance and misrepresentation of her age, and his good-faith belief that she was above the age of consent, could have no weight upon the question of guilt or innocence, although they might, under the old procedure, go in mitigation of the penalty. The law absolutely forbids carnal intercourse with a child under fourteen years of age, and no belief respecting the age of the girl, however well founded, will excuse the transgressor, if at the time of the sexual act she is, in fact, within the prohibited age. *People* v. *Ratz* (1896), 115 Cal. 132, 46 Pac. 915; *State* v. *Sherman* (1898), 106 Iowa 684, 77 N. W. 461; *Commonwealth* v. *Murphy* (1895), 165 Mass. 66, 42 N. E. 504, 52 Am. St. 496, 30 L. R. A. 734; *Smith* v. *State* (1902), 44 Tex. Cr. 137, 68 S. W. 995, 100 Am. St. 849; *State* v. *Houx* (1891), 109 Mo. 654, 19 S. W. 35, 32 Am. St. 686; *Lawrence* v. *Commonwealth* (1879), 30 Gratt. 845. The motion for a new trial was properly overruled.

The judgment is affirmed.