SARGEANT *v.* STATE OF INDIANA.

[No. 1069S260. Filed November 18, 1970. Rehearing denied December 30, 1970.]

*Frank E. Spencer,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Hassett,* Deputy Attorney General, for appellee.

ARTERBURN, J.—This is an appeal from the Marion Criminal Court, Division I. The appellant was charged by affidavit with the offense of Robbery and was found guilty as charged by a jury.

Evidence introduced at the trial reveals that Frank Babrick, store manager of a Marsh Super Market at 1105 North Arlington, Indianapolis, Indiana, was confronted at work by a man on January 12, 1968, who passed him a note informing him that this was a holdup. Babrick, noticing that the man

had a shoulder holster with a revolver in it, proceeded to give the robber the money, which amounted to $1,011.87.

The robbery ocurred at approximately 7:15 p.m. At about 11:30 p.m. Babrick told police he was positive the man who had robbed the grocery was the man they had apprehended.

Appellant objects to certain matters occurring on cross examination. First, Frank Babrick was questioned as follows:

"Q. Now, isn't it a fact that you said this or this in subtance, he looks something like him but I am not sure, didn't you say that?

"A. It's been a year and a half ago.

"Q. Well, I know that but you are so positive. What I am getting at is to refresh your recollection did you say this or this in substance, it looks something like him but I am not sure, did you say that? Yes or no?

"A. Yes.

"Q. Did you say that?

"A. Yes.

"Q. So you weren't positive, were you, were you?

"A. Not exactly at the very minute I got there, No.

"Q. Well you never did change the tenor of your conversation that night with reference to identification, did you?

"A. Yes. I gave a positive identification before I left. I gave a positive identification at the police station the next day.

"Q. I am talking about the night in question, if you will restrict yourself to that. When you first got there, when you first were shown the defendant, he was first shown in the paddy wagon, your first words were this or this in substance ...

MR. TIPTON: Objection. This is repetitious.

MR. ERBECKER: Now, Your Honor, this is cross examination.

MR. TIPTON: Well, he is asking ...

THE COURT: This is cross examination but, of course, I don't believe that the question has been repeated or has been completed I should say. However, repetitious questions are not permitted on cross. All right, go ahead.

"Q. When you first got to the paddy wagon and first saw the defendant, you said this or this in substance didn't you, this looks like the man but I am not sure, you said that, didn't you?

"A. Right.

MR. TIPTON: Objection, Your Honor. We . . .

"Q. All right, then when . . .

MR. TIPTON: . . . move to strike the answer and object on the grounds it is repetitious and have the jury . . .

THE COURT: Yes, I believe that just not in substance but word for word that same question was asked and answer. For that reason the motion to strike is sustained, the answer is ordered stricken and the jury will disregard it."

Appellant argues his second question, the answer to which the State moved to strike, was not repetitious because it emphasized the time element. However, before asking the second question, it had already been established that the witness was not sure of identifying appellant when he first saw him. The time element was likewise brought out when the witness was asked:

"Q. So you weren't positive, were you, were you?

"A. Not exactly at the very minute I got there, no."

No error occurred when the court sustained the State's objection because of repetition. Appellant had already established through questioning the witness that positive identification was not immediate. As the answer excluded added nothing new, there was no prejudicial harm.

Appellant contends the court committed reversible error by sustaining the State's "objection to what the custom is." Witness for the State, Ronald Young, had been asked on cross examination: "Isn't it the custom to have a lineup in a case of this type, robbery?"

In the case before us, there was testimony prior to the above question to the effect that no lineup was conducted. Furthermore, whether the custom is to have or not to have

a lineup has no relevancy on the issue of appellant's guilt or innocence. Thus, there was no abuse of the court's discretion as to this matter.

Frank Babrick testified that the robber of the grocery was wearing a shoulder holster with a pistol in it. Appellant objected when a shoulder holster was entered into evidence on the basis that it was not connected with the appellant. However, the evidence connects appellant with the shoulder holster. Officer Young testified that he followed footprints from a car in a field and at a distance of some 200 or 300 yards from said car he found a money bag, brown felt hat, and an empty shoulder holster. Furthermore, he followed the footprints from that point to about the 1300 or 1400 block of Arlington, where he soon found the appellant. Appellant admitted he had been in the car, and then left the car, walking through the field to Arlington. Anyway, the appellant has not shown how admission of the holster into evidence was prejudicial.

Appellant next asserts that the court erred in refusing to give his tendered Instruction Number 3:

> "While the prosecution must prove the guilt of the defendants beyond a reasonable doubt, there is no such burden laid upon the defendants to prove their innocence, and it is sufficient for them that a reasonable doubt has been raised as to his guilt by a consideration of all of the evidence, including alibi or any other evidence introduced; the defendants are not bound to satisfy the jury of the facts of their innocence.
>
> "While the defendants are not obligated to prove anything, nevertheless, if proof as to an alibi raises a reasonable doubt in the minds of the jury as to whether the defendants were present at the time and place where and when the crimes were committed, the defendants are entitled to have any defense fairly treated like any other defense, and are not obligated to establish that it was impossible for them to commit the crimes charged."

The court ruled that the above instruction was good, but that it had been covered. Appellant alleges that no other instruc-

tion pertained to what appellant did not have to prove or show. That is, that appellant did not have to satisfy the jury of his innocence, or that he did not have to establish it was impossible for him to commit the crime charged.

Preliminary Instruction Number 7 stated the burden of proof was on the State. Preliminary Instruction Number 13 instructed the jury as to a presumption of innocence and as to the requirement that the jurors must find a defendant guilty beyond a reasonable doubt. The doctrine of reasonable doubt was defined for the jury in Preliminary Instruction Number 14. Preliminary Instruction 15 further emphasized the presumption of innocence and the reasonable doubt doctrine.

Court's Instruction Number 26 instructed the jury as to alibi. We find therefore that appellant's tendered Instruction Number 3 was indeed covered by the court's instructions. It is well settled that it is not error to refuse an instruction covered by other proper instructions. *Lambert* v. *State* (1969), 252 Ind. 441, 249 N. E. 2d 502; *Eastin* v. *State* (1954), 233 Ind. 101, 117 N. E. 2d 124.

Appellant asserts the failure of the police to hold a lineup and the use of this identification in the trial of the appellant without first holding a lineup violated the appellant's right to due process of law. This question is not properly raised on appeal since no objection was made at the trial to such identification. We stated in *Lewis* v. *State* (1969), 252 Ind. 454, 250 N. E. 2d 358, 361:

". . . As appellee points out, not only did the appellant fail to object at trial to such evidence of identification but he himself elicited the evidence during cross examination of the state's witnesses. It is well established law in Indiana that one cannot raise objections for the first time on appeal when there was sufficient opportunity to object during the course of the trial. *Tyler* v. *State* (1968), 250 Ind. 419, 236 N. E. 2d 815. *Gernhart* v. *State* (1954), 233 Ind. 470, 120 N. E. 2d 265."

Appellant was sentenced to a term of not less than 10 nor more than 25 years.

In accordance with our decision in *McDougall* v. *State* (1970), 254 Ind. 62, 257 N. E. 2d 674, the crime of robbery is a lesser included offense of armed robbery, and the legislature may not provide a more severe punishment for a lesser included offense than that for the greater offense.

This cause is remanded to the trial court with instructions to enter a corrected judgment and commitment *nunc pro tunc*, sentencing the appellant to not more than twenty (20) years.

Hunter, C.J., Givan and DeBruler, JJ., concur; Jackson, J., concurs in result.

NOTE.—Reported in 263 N. E. 2d 525.