JAMES EARL TOLIVER *v.* STATE OF INDIANA.

[No. 278S18. Filed February 8, 1978.]

*David W. Foley, Esquire, Messrs. Mullin, Foley & Gilroy,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Arthur Thaddeus Perry,* Deputy Attorney General, for appellee.

GIVAN, C.J.—The State of Indiana has filed a petition to transfer from the Court of Appeals' opinion reversing the

trial court's conviction of the appellant for assault with intent to commit statutory rape. The issue on transfer is whether an adequate instruction on reasonable doubt requires language specifically instructing the jury as to the degree of certainty necessary for conviction. It is appellant's contention that he has a right to supplement the court's reasonable doubt instruction with an instruction which focused upon the degree of certainty required to remove reasonable doubt. It is the State's contention that the instruction tendered had a potential of creating a greater standard of proof than our law requires, and therefore was an erroneous statement of law which should not have been given to the jury. We grant transfer and affirm the decision of the trial court.

In the Court of Appeals, Judge Buchanan wrote a dissenting opinion wherein he correctly points out that the trial court's preliminary instruction 3P covered the definition of reasonable doubt and instructed the jury as to the necessity of finding guilt beyond a reasonable doubt. Judge Buchanan further correctly pointed out that the tendered instruction by the appellant erroneously used the word "certainty." By so doing, the burden of proof was subtly changed to convey the impression that guilt must be shown to an absolute certainty or beyond all doubt, rather than by beyond a reasonable doubt. We therefore hold that the trial court did not err in refusing to give defendant's reasonable doubt instruction for the reason that its substance was adequately covered by other instructions which were given. *Vacendak* v. *State,* (1976) 264 Ind. 101, 340 N.E.2d 352; *Sargeant* v. *State,* (1970) 255 Ind. 252, 263 N.E.2d 525. We further hold that the trial court did not err in refusing to give appellant's tendered instruction because the same was an erroneous statement of law.

The appellant also claims the trial court erred in giving instruction 3P. However, as correctly pointed out by the majority opinion in the Court of Appeals, the only objection of

the giving of 3P was that it omitted the language contained in the appellant's tendered instruction above discussed. Therefore we agree with the Court of Appeals that this question is disposed of by answering appellant's question as to whether or not the trial court erred in the giving of his tendered instruction.

Appellant also claims the trial court erred in overruling his tendered instruction No. 6, which reads as follows:

"A defense to the crime of statutory rape is that the defendant acted under a reasonable mistake as to the age of the victim."

The trial court did not err in refusing this instruction. As the State points out in its brief, an erroneous belief as to the age of the victim, however well-founded, is clearly not a defense to the crime of statutory rape. *Heath* v. *State*, (1910) 173 Ind. 296, 90 N.E. 310.

Transfer is granted and the trial court is in all things affirmed.

Hunter and Pivarnik, JJ., concur; Prentice, J., concurs in result; DeBruler, J., dissents with opinion.

### DISSENTING OPINION

DeBRULER, J.—I dissent from the holding of the majority that the trial court's final instruction on reasonable doubt was adequate to inform the jury of the degree of certainty of appellant's guilt necessary to warrant a conviction. For the reasons expressed in *Randolph* v. *State*, (1977) 266 Ind. 179, 361 N.E.2d 900, 902, I believe that Judge White's opinion for the Court of Appeals correctly resolved this issue.

NOTE.—Reported at 372 N.E.2d 452.