**Gregory V. SMITH, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 479S92.**

Supreme Court of Indiana.

Oct. 30, 1979.

Barry L. Standley, Evansville, for appellant.

Theodore L. Sendak, Atty. Gen., Jeffrey K. Baldwin, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted of first degree murder and armed robbery. He was sentenced to life imprisonment.

On July 1, 1977, at approximately midnight, two men walked into the Maple Heights Tavern in Evansville and asked the bartender if he had quart beer. Upon being told that he did not, they went to a "walk-in" cooler and withdrew two bottles of beer. They brought them to the bar to pay. The bartender, Charles Jenkins, turned around to the cash register to make change. When he turned back around one of the men had placed a bandanna over his face and was pointing a gun at him.

The robber demanded money. Jenkins withdrew all the currency from the cash register and placed it on the bar. When the robbers demanded more money, Joe Molinet the owner, said there was no more money. Before anything else could be said, the gunman began firing. As the shooting started, the robber without the gun fled out the

door, while Jenkins ducked behind the bar. The gunman went from the barroom to the kitchen to the family room while exchanging gunfire with Molinet. Molinet then fell and lost his gun. The robber grabbed it and ordered Molinet and Jenkins to the end of the pool table. The gunman then left through the side door, firing one more shot.

After the robber left, Jenkins discovered that Molinet was wounded. Molinet was taken to the hospital and underwent surgery. He died on August 4, 1977, as a result of the gunshot wound.

The bartender, Smith's confederate in the commission of the crime, and one of the bar patrons each identified Smith as the person who shot Molinet.

Appellant first alleges the trial court erred in overruling his motion for mistrial when a juror was discovered to have been taking notes. This Court, in *Dudley v. State* (1970) 255 Ind. 176, 263 N.E.2d 161, approved the practice of allowing jurors to take notes during the course of the trial, subject, of course, to the discretion of the trial court and to its duty to insure that the jurors pay attention to all the evidence heard in the case. Justice Arterburn commented:

> "In our opinion the 'tablet of his memory' is a very weak reed for a juror to lean upon in place of written notes. We are inclined to follow what common sense in everyday life tells us is true. At the same time, we do not mean to approve continuous note-taking by jurors, which would distract from listening to the evidence. Minor note-taking for the purpose of supporting the juror's memory, in our opinion, is reasonable and certainly should not be disapproved. Most jurors are men of sensibility, and to be deprived of taking notes would, to them, appear to be a rather ridiculous court deprivation in many situations, such as during a prolonged trial with complicated facts." 255 Ind. at 180–1, 263 N.E.2d at 163–4.

■ In the case at bar, the trial court examined the juror who had written the notes. The only note was, "Can a tape recording be used?" The juror testified that she was listening attentively to the evidence at trial and that she had written only this single note. In view of these circumstances, the trial court clearly did not abuse its discretion in overruling the motion for mistrial.

Appellant's second argument is that the trial court erred in refusing to give his tendered instruction on lesser included offenses. Appellant was charged in two counts, Count I being murder in the perpetration of a robbery and Count II being armed robbery. The court instructed the jury by reading them the statutes which cover both counts of the indictment. Appellant complains that his tendered instruction, which consisted of the armed robbery statute, should have been given in connection with Count I, in addition to the fact that it was given with Count II, in order that the jurors might be informed of the fact that they could find him guilty of the lesser included offense of armed robbery under the charge in Count I.

■ It is not error to refuse to give an instruction the substance of which is adequately covered by another instruction. *Toliver v. State* (1978) Ind., 372 N.E.2d 452. Nor is it error to refuse to give an instruction which would tend to confuse the jury. *Martin v. State* (1973) 260 Ind. 490, 296 N.E.2d 793. The instruction tendered by appellant was covered by another instruction to the jury. Further, we think the reading of a redundant instruction may have tended to confuse rather than assist the jury. As the State points out, appellant can show no prejudicial harm, for if the jury found that the evidence showed appellant was only guilty of armed robbery, it could have acquitted him on Count I. We find the jury was adequately and correctly instructed on the applicable law.

The judgment of the trial court is affirmed.

DeBRULER, HUNTER, PIVARNIK and PRENTICE, JJ., concur.