106 F.3d 403
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gregory V. SMITH, Plaintiff-Appellant,
v.
Maurice C. O'CONNOR, Defendant-Appellee.
 No. 96-1293.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 27, 1997.*
Decided Jan. 28, 1997.
 
 Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 In 1978, Gregory V. Smith was convicted of first-degree murder and armed robbery, and sentenced to life imprisonment. His trial and sentencing were presided over by Maurice C. O'Connor, a master commissioner of the Vanderburgh Circuit Court. The conviction was affirmed by the Supreme Court of Indiana. Smith v. State, 395 N.E.2d 789 (Ind.1979). In January 1996, Smith filed a civil rights complaint (42 U.S.C. § 1983) against O'Connor in federal district court, seeking monetary, declaratory, and injunctive relief with respect to his confinement. He also requested leave to proceed in forma pauperis. The district court denied the IFP request and dismissed the action as frivolous. Smith appeals.
 
 
 2
 We find it perfectly clear, as did the district court, that Smith's request for damages is exactly the type of claim precluded by Heck v. Humphrey, 512 U.S. 477 (1994). "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must show that the conviction or sentence has been invalidated, by a direct appeal, habeas corpus proceeding, or the equivalent. Id. at 486-87. This Smith has not done. Thus, he lacks a cause of action for damages against the official who allegedly wrongfully confined him. Id. at 489-90. Likewise, he cannot receive declaratory relief against that official while his conviction and sentence remains in force. See Clayton-EL v. Fisher, 96 F.3d 236, 241-42 (7th Cir.1996).
 
 
 3
 A federal court could only hear Smith's request for prospective relief--specifically, release from prison and a new trial--only in a habeas corpus proceeding (28 U.S.C. § 2254). See Heck, 512 U.S. at 481; Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973). A collateral attack must be prosecuted against one's custodian, meaning that Smith's request for prospective relief against O'Connor cannot be converted into a habeas corpus action. Copus v. City of Edgerton, 96 F.3d 1038, 1039 (7th Cir.1996) (per curiam).
 
 
 4
 The judgment is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)