Anthony LECHNER, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9809–CR–741.

Court of Appeals of Indiana.

Sept. 20, 1999.

Kevin C.C. Wild, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, James B. Martin, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

MATTINGLY, Judge.

Anthony Lechner appeals his conviction, after a jury trial, of child molesting, a Class B felony.[1] He raises one issue on appeal, which we restate as whether the trial court improperly declined to give an instruction Lechner tendered concerning the defense of mistake of fact.

We reverse.

## FACTS AND PROCEDURAL HISTORY

On an evening during the summer of 1997, Lechner, who was 17 years old, had sexual relations with a girl who was 12 years old. The girl had been introduced to Lechner by his 14–year–old sister. Before Lechner and the girl had sexual relations Lechner asked the girl her age and she told Lechner she was 14 years old. At trial, Lechner tendered a pattern jury instruction on the mistake of fact defense, noting that it is not a crime under Indiana law for a 17–year–old to have sex with a 14–year–old.

The trial judge refused to so instruct the jury. During its deliberations, the jury sought clarification of that element of the crime with which Lechner was charged, asking the court "[d]oes the defendant have to know that [the victim] was under the age of fourteen (14)." R. at 205. The judge responded that the jury was to "please reread the instructions and continue to discuss." *Id.*

## DISCUSSION AND DECISION

When reviewing the refusal of a tendered instruction, we must determine whether the instruction correctly states the law, whether the evidence supports giving the instruction, and whether the substance of the instruction is covered by the other instructions given. *Miller v. Ryan,* 706 N.E.2d 244, 248 (Ind.Ct.App.1999). It is error to refuse an instruction if there is evidence in the record to support the theory set forth in the instruction; however, the trial court has considerable discretion in determining which issues have been raised by the trial evidence and in determining the form in which instructions will be given. *Id.* In reviewing whether the evidence was such as to require a mistake of fact instruction, we consider whether the evidence relevant to that defense could, if believed by the jury, have created a reasonable doubt in the jury's mind that the accused had acted with the requisite mental state. *Stoner v. State,* 442 N.E.2d 983, 985 (Ind.1982).

Ind.Code § 35–41–3–7 sets forth a generally-applicable mistake of fact defense: "[i]t is a defense that the person who engaged in the prohibited conduct was reasonably mistaken about a matter of fact, if the mistake negates the culpability required for commission of the offense." Ind.Code § 35–42–4–3(c) provides

1. Ind.Code § 35–42–4–3.

for such a defense to a charge of child molesting in particular: "It is a defense that the accused person reasonably believed that the child was sixteen (16) years of age or older at the time of the conduct." Because that section addresses only the actor's belief that the victim is at least 16 years old, the State argues, the mistake of fact defense was unavailable to Lechner because he offered no evidence that he thought the victim was 16 or older. We find the statutory defense does not so limit Lechner, and the refusal of his mistake of fact instruction was thus error.

At one time, mistake of fact was not recognized as a defense to a charge of child molesting:

> If appellant had sexual intercourse with the witness at a time when she was under 14 years of age, the offense was complete, since under the law she was incapable of consenting to such an act.... The girl's appearance and misrepresentation of her age and his good faith and belief that she was above the age of consent could have no weight upon the question of guilt or innocence.... The law absolutely forbids carnal intercourse with a child under 14 years of age, and no belief respecting the age of the girl, however well founded, will excuse the transgressor if at the time of the sexual act she is in fact within the prohibited age.

*Heath v. State*, 173 Ind. 296, 302, 90 N.E. 310, 312 (1910) (addressing the crime of statutory rape). *And see Toliver v. State*, 267 Ind. 575, 577, 372 N.E.2d 452, 453 (1978) (erroneous belief as to the age of the victim, however well-founded, is not a defense to statutory rape).

However, child molesting is no longer a "strict liability" offense. Over twenty years ago our legislature amended the statute to divide sexual offenses against children into two categories—offenses against children under 12 years of age and offenses against children between 12 and 16 years of age. That revised statute provided a "reasonable belief" defense that was absolute so long as the defendant reasonably believed the child was 16 years old or older. As noted in the comment to Ind.Code Ann. § 35–42–4–3 (West 1978), "[t]his defense changes the strict liability found in the prior statutes ... at least with respect to the twelve (12) through fifteen (15) year old cases. Nothing in subsection (e) prohibits the defense in cases involving children less than twelve (12); however, it will undoubtedly be a rare case where the facts would show that a belief that an eleven (11) year old was sixteen (16) or older was a 'reasonable' belief." *See Neblett v. State*, 396 N.E.2d 930, 932 (Ind.Ct.App. 1979) (noting that under the revised statute a reasonable belief defense is available to a child molesting defendant and that the crime is no longer a strict liability offense).

In 1994, the legislature again amended the statute, eliminating the subsections addressing offenses against children between 12 and 16 years of age, and criminalizing sexual activity by persons of any age involving persons under 14 years of age. *See P.L. 79–1994 § 12.* However, in amending the statute the legislature failed to amend the subsection establishing as a defense the actor's reasonable belief that the victim was 16 years of age or older. So, in its current form the statute appears to retain a "reasonable belief" defense predicated upon a category of offense—sexual activity involving children aged 12 to 16—which no longer exists.[2]

■ We must conclude the legislature's failure to modify the age at which the defense becomes available to a defendant was

---

**2.** We note that P.L. 79–1994 also established a new offense of sexual misconduct with a minor. That section, codified as Ind.Code § 35–42–4–9, applied to persons over 18 who engage in certain activities with persons at least 14 years old but less than 16 years old. That new section included the defense that the accused person reasonably believed the child was at least 16 years old at the time of the conduct.

We further note that a number of other states have, by statute, recognized a "mistake of age" defense to offenses involving sexual activities with children. However, counsel have not directed us to, nor has our independent survey of those statutes revealed, any statutes similar to the Indiana statute where the age which determines the availability of the defense is different from the age at which the charged activity is deemed to be criminal. *See, e.g.,* Alaska Stat. § 11.41.445(b) (when provision of law defining an offense depends upon a victim being under a certain age, it is an affirmative defense that the defendant reasonably believed the victim to be that age or older, unless the victim is under 13); Ariz.Rev.Stat. Ann. § 13–1407 (it is a defense to prosecution for crimes where a child's lack of

in the nature of an oversight or scrivener's error and could not be reflective of a legislative intent to permit the defense only when the actor believes the victim is 16 or older, when the statute itself does not prohibit the activity with a child aged 14 to 16. We thus decline to limit the availability of the statutory mistake of fact defense to those defendants whose reasonable belief was that the victim was at least 16 years old and hold that the defense is available to any defendant who reasonably believes the victim to be of such an age that the activity engaged in was not criminally prohibited. *See State v. Keihn,* 542 N.E.2d 963, 967 (Ind.1989) (noting the presumption that a culpable mental state is an intended element in criminal offenses for which culpability is not specified by statute).

■ The jury had before it evidence that the victim told Lechner she was at least 14 years old; that Lechner's sister represented to Lechner that the victim was at least 14 years old; and that Lechner was aware that the victim's friends were 13 and 14 years old. This evidence, if believed by the jury, would allow the jury to reasonably doubt that Lechner acted with the mental state which would have made his conduct a crime (*i.e.,* the belief that the victim might have been less than 14 years old). The refusal of Lechner's proffered mistake of fact instruction thus was error.

Reversed.

RILEY, J., and SULLIVAN, J., concur.

---

consent is based on incapacity to consent because the victim was 14, 15, 16, or 17 years old if the defendant did not know and could not have reasonably known the age of the victim); Ark. Code Ann. § 5–14–102 (when criminality of conduct depends upon a child being under age 14, it is no defense that the actor believed the child to be 14 or older, but when criminality of conduct depends upon a child being below a critical age older than 14, it is a defense that the actor reasonably believed the child to be the critical age or older); 38 Ill. Comp. Stat. Ann. ¶ 12–17(b) (defense to certain crimes involving victims younger than 17 years old that the accused reasonably believed the victim to be 17 or older); Ky.Rev.Stat. Ann. § 510.020 (in prosecution where victim's lack of consent is based on incapacity because the victim is under age 16 or for certain other reasons, it is a defense that the defendant did not know of the facts or conditions responsible for such incapacity); Mont.Code Ann. § 45–5–511(1) (when criminality depends upon the victim being under age 16, it is a defense for the offender to prove he reasonably believed the child to be above that age—however, the belief is deemed not reasonable if the child is younger than 14); and Wash. Rev.Code Ann. § 9A.44.030(2) (when an offense or the degree of an offense depends upon victim's age, it is a defense that defendant reasonably believed, based upon the victim's own declarations, that the victim was above the age required for culpability).

The Arkansas and Montana statutes, like the Indiana statute, do limit the applicability of a mistake of fact defense to situations where the victim is above a certain age. However, in both of those statutes, the age below which the offense becomes one of strict liability and where the mistake of fact defense is thus unavailable is consistent with the age at which the activity itself becomes criminal—i.e., the so-called "critical age." In Arkansas, the legislature has identified a category of strict liability sexual offenses—those where the "criminality of conduct" depends on the victim being under 14—and there, mistake of age is no defense. When the criminality of conduct depends on the victim being below any age older than 14, the mistake of age defense is available where the actor had a reasonable belief the child was *that age or older.* Similarly, in Montana, the legislature has in effect made any activity involving a child under 14 a strict liability offense. But where the criminality of conduct depends on the child being any age between 14 and 16, the mistake of age defense applies so that defense is available where the actor reasonably believes the child to be above *that age.*

The Indiana statute, by contrast, appears to condition the availability of a mistake of age defense on an actor's reasonable belief that the victim was at least two years *older than* the "critical age" of 14 years below which the activity becomes a crime. Unlike those of Arkansas and Montana, our legislature has created no statutory age category where sex crimes are strict liability offenses. For that reason, and because the Indiana Code provides generally for a mistake of fact defense and our decisions indicate child molesting in particular is no longer a strict liability offense, the Indiana statute cannot be construed in the same manner as the Arkansas and Montana statutes. The Indiana statutory requirement of a reasonable belief the victim was at least two years *older* than the "critical age" cannot be reconciled with the statutory mistake of fact defense which refers to a reasonable mistake which "negates the culpability required for commission of the offense." Ind.Code § 35–41–3–7.