v.

**STATE of Indiana, Appellee–Petitioner.**

No. 33A05–0306–JV–303.

Court of Appeals of Indiana.

March 9, 2004.

Amy K. Noe, Richmond, IN, Attorney for Appellant.

Stephen R. Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

STATON, Senior Judge.

T.M., a fifteen-year-old male, was charged with Child Molesting, a Class B Felony under I.C. § 35–42–4–3(a). Prior

to the fact-finding hearing, the parties stipulated that T.M. had sexual intercourse with A.F., the victim. The only issue remaining before the trial court was A.F.'s age and T.M.'s mistake of fact defense.

A mutual friend had introduced T.M. to A.F. while they were all at Baker Pool. Several days later T. M and A.F. had sexual intercourse at A.F.'s house. Later at a hearing, T.M. testified that he thought A.F. looked fourteen or fifteen years old. He testified that A.F. told him that she was fifteen. The mutual friend had dated A.F. the previous year and knew that A.F. was not fifteen, but he never thought to tell T.M. A.F. insisted that she told T.M. in front of their mutual friend that she was thirteen. T.M. further testified that A.F. was more developed than a thirteen-year old and that he didn't think thirteen-year-olds "wear make up and dress up like that." According to T.M., A.F. acted "like somebody that's been around longer than thirteen years and knows what she's doing." A.F. was actually thirteen years old. After the hearing, the trial court made the following findings:

> The Court finds that on Count I of the Information the Offense of Child Molesting that the evidence does establish beyond a reasonable doubt that (T.M.) did perform sexual intercourse with (A.F.), a child under the age of fourteen years. The respondent relied upon the defense of a belief that the child was fifteen years of age, however, the statute, that being I.C. § 35–42–4–3 specifies in subsection (c) that the accused person reasonably believes that the child was sixteen years of age or older at the time of the conduct. The testimony presented by the respondent through his own testimony as well as through another witness

indicated that he believed that the child was fifteen and not sixteen years of age.

The trial court found T.M. to be a delinquent child based on the Court's findings and set a date for a Dispositional Hearing. T.M. filed his Motion to Correct Errors that was denied by the trial court. He appeals and raises these issues:

1) Was the Statutory mistake of fact defense available to T. M.?[1]

2) Did the trial court abuse its discretion by denying the defense to T. M.?

3) Did the Finding of the trial court affirm and validate as a matter of law the mistake of fact defense offered by T. M.?

We answer all of the above issues in the affirmative and reverse.

The Child Molesting Statute, I.C. § 35–42–4–3 divides sexual offenses into two categories: 1) offenses against children under 12 years of age; and, 2) offenses against children between 12 and 16 years of age. Its "reasonable belief" defense was absolute so long as the defendant reasonably believed the child was 16 years old or older. But as pointed out in *Lechner v. State,* 715 N.E.2d 1285, (Ind.App.1999), *trans. denied,* "strict liability" no longer existed. However, in *Lechner, supra,* it was further pointed out that "[i]n 1994, the legislature again amended the statute, eliminating the subsections addressing offenses against children between 12 and 16 years of age, and criminalizing sexual activity by persons of any age involving persons under 14 years of age. See P.L. 7900–1994 Section 12. However, in amending the statute, the legislature failed to amend the subsection establishing as a defense the actor's reasonable belief that the victim was 16 years of age or older.

---

**1.** IC § 35–41–3–7 Mistake of Fact "It is a defense that the person who engaged in the prohibited conduct was reasonably mistaken about a matter of fact, if the mistake negates the culpability required for commission of the offense."

So, in its current form the statute appears to retain a 'reasonable belief' defense predicated upon a category of offense—sexual activity involving children aged 12 to 16—which no longer exists."

We conclude as did the court in *Lechner* that "the legislature's failure to modify the age at which the defense becomes available to a defendant was in the nature of an oversight or scrivener's error and could not be reflective of a legislative intent to permit the defense only when the actor believes the victim is 16 or older, when the statute itself does not prohibit the activity with a child aged 14 to 16."

The mistake of fact defense was available to T.M. and not limited to those defendants whose reasonable belief was that the victim was at least 16 years of age. As a matter of law, the findings of the trial court coupled with the absence of a statutory prohibition of sexual conduct with a 15 year old requires that we reverse.

We reverse.

BROOK, C.J., and BAKER, J., concur.