**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DARREN BEDWELL**
Marion County Public Defender

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| COREY BATES, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) No. 49A04-1309-CR-435 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Kurt Eisgruber, Judge
Cause No. 49G01-1211-FC-79373

**April 22, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Corey Bates appeals his conviction for Class C felony forgery. We affirm.

**Issue**

Bates raises one issue, which we restate as whether the trial court erred by denying his proposed jury instruction regarding mistake of fact.

**Facts**

On November 15, 2012, Jacob Humphrey was working as a bank teller at the Stock Yards Bank in Carmel when Bates attempted to cash a check made out to himself in the amount of $2,398.03 from Brittany Construction, Inc. Humphrey asked Bates for two forms of identification, which Bates provided. Humphrey noticed that the check "looked a little bit off" and decided to call the issuer of the check. Tr. p. 32. When Humphrey picked up the phone, Bates asked what he was doing. Humphrey informed Bates that he was calling Brittany Construction, and Bates said that he "would just take the check and cash it elsewhere." Id. Bates took his identifications and the check and walked away from the bank. Humphrey called his supervisor, Suzanne Bearden, at the bank's Binford Avenue location to inform her of the situation.

At 2:15 p.m., Bates entered the Binford Avenue Branch of Stock Yards Bank and attempted to cash the check. Bearden noticed that the account did not match other Brittany Construction checks and that the account number was incorrect. Bearden made a copy of Bates' identification and informed Bates that she would not be able to cash the check because it was fraudulent. Bates then took his identification and left the bank.

2

The State charged Bates with Class C felony forgery and being an habitual offender.  At his jury trial, Bates proposed the following jury instruction:

> It is an issue whether the Defendant mistakenly committed the acts charged.
>
> It is a defense that the Defendant was reasonably mistaken about a matter of fact if the mistake prevented the Defendant from committing the act charged with specific intent to defraud.
>
> The State has the burden of proving beyond a reasonable doubt that the Defendant was not reasonably mistaken.

App. p. 84.  Bates did not testify.  The trial court found no evidence to support giving the instruction and rejected it.  The jury found Bates guilty as charged.  Bates now appeals.

**Analysis**

Bates argues that the trial court erred by denying his proposed jury instruction on mistake of fact.  Instructing a jury is left to the sound discretion of the trial court, and we review its decision only for an abuse of discretion.  Washington v. State, 997 N.E.2d 342, 345 (Ind. 2013).  We undertake a three-part analysis in determining whether a trial court has abused its discretion.  Id.  First, we determine whether the tendered instruction is a correct statement of the law.  Id.  Second, we examine the record to determine whether there was evidence to support the tendered instruction.  Id. at 345-46.  Finally, we determine whether the substance of the tendered instruction was covered by another instruction or instructions.  Id. at 346.

Neither Bates nor the State make any argument regarding whether the tendered instruction is a correct statement of the law or whether the substance of the instruction

3

was covered by another instruction. Bates argues only that the trial court erred by determining that no evidence supported giving the instruction.

Indiana Code Section 35-41-3-7 provides: "It is a defense that the person who engaged in the prohibited conduct was reasonably mistaken about a matter of fact, if the mistake negates the culpability required for commission of the offense." When the State has made a prima facie case of guilt, the burden is on the defendant to establish an evidentiary predicate of his mistaken belief of fact. Chavers v. State, 991 N.E.2d 148, 151 (Ind. Ct. App. 2013), trans. denied. "Upon invoking mistake of fact as a defense, the burden shifts to the defendant to satisfy three elements: '(1) that the mistake be honest and reasonable; (2) that the mistake be about a matter of fact; and (3) that the mistake negate the culpability required to commit the crime.'" Id. (quoting Potter v. State, 684 N.E.2d 1127, 1135 (Ind. 1997)). "In reviewing whether the evidence was such as to require a mistake of fact instruction, we consider whether the evidence relevant to that defense could, if believed by the jury, have created a reasonable doubt in the jury's mind that the accused had acted with the requisite mental state." Lechner v. State, 715 N.E.2d 1285, 1286 (Ind. Ct. App. 1999), trans. denied.

Here, the jury was presented with evidence that Bates attempted to cash the check twice on the same day. On the first occasion, the teller noticed something wrong with the check and told Bates that he was going to call the issuer of the check. Immediately, Bates took his identifications and the check and said that he would cash it elsewhere. Bates then took the check to another branch of the same bank, and another teller also noticed that the check was fraudulent. The teller took the check, and Bates immediately

4

took his identification and left the bank. The owner of Brittany Construction testified that he did not know Bates and that Bates had never been an employee or subcontractor of his company. In support of his argument, Bates points out that the check looked legitimate and that he identified himself at the banks. However, the mistake of fact must be "honest and reasonable." Chavers, 991 N.E.2d at 151. Given Bates's behavior at the banks and the fact that Bates had no relationship with Brittany Construction, there was no evidence presented of an honest and reasonable mistake. The trial court did not err by denying Bates's tendered jury instruction on mistake of fact.

## Conclusion

The trial court did not err by denying Bates' tendered jury instruction. We affirm.

Affirmed.

BAKER, J., and CRONE, J., concur.