# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 08 2019, 10:09 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael J. Kyle
Baldwin Kyle & Kamish
Franklin, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Troy Mace,<br>*Appellant-Defendant,*<br><br>vs.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | April 8, 2019<br><br>Court of Appeals Case No.<br>18A-CR-1324<br><br>Appeal from the<br>Brown Circuit Court<br><br>The Honorable<br>Judith A. Stewart, Judge<br><br>Trial Court Cause No.<br>07C01-1704-F3-207 |

**Kirsch, Judge.**

[1] Troy Mace ("Mace") appeals his convictions after a jury trial for Level 3 felony child molesting[1] and Level 4 felony child molesting.[2] Mace raises several issues, which we consolidate and restate as whether the trial court abused its discretion in instructing the jury that the State was not required to prove that Mace knew the age of the victim.

[2] We affirm.

## Facts and Procedural History

[3] Mace was friends with K.V.'s older brother Kole. *Tr. Vol. 3* at 13, 18-19. A short time after Mace graduated from high school in 2015, he moved in with K.V.'s family. *Id.* at 18. Mace was eighteen years old. *Appellant's App. Vol. II* at 75. K.V. was twelve years old. *Tr. Vol 3* at 42-43. Mace would watch television and play video games with K.V. and Kole. *Id.* at 18-19. A few times, Kole saw Mace and K.V. "sitting way too close together." *Id*. at 36. Kole revealed to Mace that K.V. was twelve years old and told Mace they should not sit so close together. *Id.*

[4] In February of 2016, Mace informed K.V. that he "had a little crush on" her a couple years before when she was in fifth grade. *Id.* at 47. K.V. said she felt the same way and asked him to guess her age. *Id.* Mace initially guessed that K.V. was fifteen years old, but K.V. told him she was only twelve years told, which

---

[1] *See* Ind. Code § 35-42-4-3(a).

[2] *See* Ind. Code § 35-42-4-3(b).

surprised Mace. *Id.* at 47-48. The next day, Mace and K.V. played video games in Kole's room while he was away, and they began kissing. *Id.* at 48, 51. Mace and K.V. "started touching each other and then [her] clothes came off." *Id.* at 48. Mace performed oral sex on K.V. and also digitally penetrated her vagina with his fingers, while she stimulated Mace's penis with her hand until he ejaculated. *Id.* at 48-49. In March of 2016, when Kole was away, Mace and K.V. were playing video games in Kole's room again and they began kissing. *Id.* at 51. Mace mentioned that he had a condom, and K.V. "was like alright cool." *Id.* They engaged in sexual intercourse. *Id.* K.V. later told Kole what happened, and Kole contacted the police. *Id.* at 23.

[5] On April 4, 2017, the State charged Mace with Count 1, Level 3 felony child molesting; Count 2, Level 4 felony child molesting; Count 3, Level 4 felony vicarious sexual gratification; and Count 4, Level 5 felony child solicitation. *Appellant's App. Vol. II* at 233-34. The State later amended the charging information by changing the age of K.V. in Count 2 and also dismissed Counts 3 and 4. *Id.* at 180, 182.

[6] Mace's defense at trial was that he believed K.V. was at least sixteen years old when he had sexual relations with her. *Tr. Vol. 3* at 3-4, 118. He testified that K.V. posted on Facebook that she was sixteen years old. *Id.* at 62, 119. He also testified that K.V. drank alcohol and was, according to Mace, "physically mature." *Id.* at 109, 128.

[7]     At the conclusion of the evidentiary phase of trial, both parties discussed instructions with the trial court regarding both the elements of child molesting and Mace's defense. *Id.* at 191-94. As to the elements of child molesting, the State asked the trial court to instruct the jury that Mace's knowledge of K.V.'s age was *not* an element that the State was required to prove. *Id.* at 194. Mace objected, arguing that such an instruction would confuse the jury. *Id.* The trial court accepted the State's proposed instruction, and the instruction offered on Mace's defense, and read them to the jury as follows:

> Count 1. Knowledge of the age of the child is not an element of the offense, and the State does not have to prove that [Mace] knew K.V. was under the age of 14. However, it is a defense if [Mace] reasonably believed that K.V. was 14 years of age or older when sexual intercourse or other sexual conduct took place.

*Id.* at 248. The trial court used the same language when it instructed the jury on Count 2. *Id.* at 249.

[8]     The jury found Mace guilty on both Count 1 and Count 2. *Tr. Vol. 4* at 4-6. He was sentenced to concurrent terms of nine years and eight years for an aggregate sentence of nine years executed. *Appellant's App. Vol. II* at 52. Mace now appeals.

## Discussion and Decision

[9]     Mace argues that the trial court abused its discretion by instructing the jury that knowledge of the age of the child is not an element of the offense. He contends that 1) the instruction was an incorrect statement of the law and 2) the

substance of the instruction was covered by other instructions and thus confused and misled the jury.

[10] We review a trial court's decision to give or refuse a jury instruction for an abuse of discretion. *Hernandez v. State*, 45 N.E.3d 373, 376 (Ind. 2015). We consider: (1) whether the instruction correctly states the law; (2) whether the evidence supports the instruction; and (3) whether the substance of the tendered instruction is covered by other instructions read to the jury. *Id.* We reverse only if an erroneous instruction prejudices a defendant's substantial rights. *Id.* Jury instructions are to inform the jury about the law without misleading the jury and to help it arrive at a just, fair, and correct verdict. *Wallen v. State*, 28 N.E.3d 328, 330-31 (Ind. Ct. App. 2015).

[11] Mace first argues that the instruction did not correctly state the law. He contends that by telling the jury that the State did not need to prove that Mace knew K.V.'s age, the instruction misled the jury into believing that child molesting is a strict liability offense, contravening *Lecher v. State*, 715 N.E.2d 1285 (Ind. Ct. App. 1999), where we held that "child molesting is no longer a 'strict liability' offense." *Id.* at 1287.

[12] Mace is mistaken that the instruction misstated the law. The sections of the child molesting statute under which Mace was charged did not require the State to prove that Mace knew K.V.'s age:

> a) A person who, with a child under fourteen (14) years of age, knowingly or intentionally performs or submits to sexual

> intercourse or other sexual conduct (as defined in IC 35-31.5-2-221.5) commits child molesting, a Level 3 felony.
>
> . . . .
>
> (b) A person who, with a child under fourteen (14) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a Level 4 felony.

Ind. Code § 35-42-4-3 (a), (b).

[13] Thus, when the instruction stated that the State was not required to prove that Mace knew that K.V. was under the age of fourteen, it simply clarified what the statute required and what the statute did not require for the State to meet its burden of proof. Therefore, the instruction was a correct statement of the law.

[14] Mace's argument that the instruction confused the jury into believing that child molesting is a strict liability offense is based on a misunderstanding of *Lechner.* In stating that child molesting was no longer a strict liability offense, *Lechner* was acknowledging that until 1978, there was no defense to child molesting based on a defendant's reasonable belief that the child was at least fourteen years old. *Lechner*, 715 N.E.2d at 1287. In stating that child molesting was no longer a strict liability offense, *Lechner* in no way indicated that the State was now required to prove that a defendant knew the age of the child with whom he had sexual contact. *Id*.

[15]     Mace also challenges the instruction as an impermissible "negative" instruction. The instruction is negative, Mace contends, in that it informs the jury about what is not an element of the crime instead of what is an element of the crime. He argues that such instructions are "disfavored." *See Baird v. State*, 604 N.E.2d 1170, 1180 (Ind. 1992). In so arguing, Mace misrepresents *Baird*. Regarding "negative instructions," *Baird* held: "While negative instructions concerning the elements of a crime are generally disfavored, this instruction is a correct statement of the law and is not confusing. Under the circumstances the trial court did not err in giving [the] State's Instruction No. 5." *Id.* Here, when the instruction stated that the State was not required to prove that Mace knew that K.V. was under the age of fourteen, it made an accurate statement of law. Thus, even if the instruction was a "negative instruction," it did not violate *Baird*.

[16]     Second, Mace argues that the substance of the instruction was covered by other instructions and, therefore, it misled and confused the jury. It is true that the "reading of a redundant instruction may . . . tend[] to confuse rather than assist the jury." *Smith v. State*, 272 Ind. 34, 37, 395 N.E.2d 789, 790 (1979). Here, however, to the extent that the instruction was redundant, it clarified rather than confused the legal issues for the jury. It explained that, although knowledge that K.V. was under the age of fourteen was not an element of the crime, there was a defense available to Mace if he could show that he reasonably believed that K.V. was at least fourteen years old. Given in tandem with the instruction that set forth the elements of child molesting, the

instruction actually clarified the two determinations the jury was required to make:  1) whether the State proved beyond a reasonable doubt that Mace's actions fit the elements of the child molesting statute; and 2) even if the State met its burden of proof, whether Mace proved by a preponderance of the evidence that he reasonably believed that K.V. was at least fourteen years old. The instruction was not misleading, and the trial court did not abuse its discretion in reading it to the jury.

[17]     Affirmed.

Riley, J., and Robb, J., concur.