**Daniel O. STURGIS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 47A04–9406–CR–235.**

Court of Appeals of Indiana.

Aug. 18, 1995.

Transfer Denied Oct. 25, 1995.

Samuel S. Shapiro, Bloomington, for appellant.

Pamela Carter, Attorney General, Preston W. Black, Deputy Attorney General, Indianapolis, for appellee.

## OPINION

CHEZEM, Judge.

### Case Summary

Appellant-defendant, Daniel O. Sturgis ("Sturgis") appeals his conviction of operating a motor vehicle while intoxicated. We affirm.

### Issues

Sturgis presents two issues for review:

I. Whether the trial court properly granted the State's motion in limine; and

II. Whether the trial court erred in failing to instruct the jury as to the effect of taking judicial notice.

### Facts and Procedural History

On February 11, 1991, Sturgis was pulled over by Indiana State Police Officer Dennis Kirkman for operating his vehicle in an unsafe manner. After smelling alcohol on Sturgis' breath, Trooper Kirkman questioned Sturgis who admitted that he had been drinking. As Trooper Kirkman's shift had just ended when he encountered Sturgis, he radioed for another unit to take over the investigation. Trooper John Cleveland then arrived on the scene and assumed the inves-

tigation. Sturgis was given several field sobriety tests which he failed. Sturgis was then transported to the Bedford Police Department for the administration of a chemical test. A breath test revealed that Sturgis had a .11 blood alcohol content.

Sturgis was charged with operating a vehicle while intoxicated[1] and operating a vehicle with a BAC of .10 or more.[2] Following a jury trial, Sturgis was convicted of the operating a vehicle while intoxicated charge.

*Discussion and Decision*

*I.*

Sturgis argues that he should have been allowed to present as evidence a probable cause affidavit signed by Trooper Kent Hawkins. Trooper Hawkins had signed an affidavit which stated that he had arrested Sturgis and administered the breath test. However, Trooper Hawkins had no involvement whatsoever with the arrest of Sturgis. Prior to trial, the State filed a motion in limine requesting a prohibition of any mention of the affidavit, or of Trooper Hawkins' purported involvement in the case. After a hearing, the trial court granted the motion. At the trial, Sturgis attempted to admit the affidavit, and offered to prove the testimony of Trooper Hawkins. The evidence was excluded by the trial court.

We disagree with Sturgis that the trial court erred by not allowing any evidence of the affidavit. At the hearing on the motion in limine, Trooper Hawkins testified that he signed the affidavit because he believed that he was merely verifying that he had received the stated information from Trooper Cleveland. Before he signed the affidavit, Trooper Hawkins phoned Trooper Cleveland to verify that all the information contained herein was accurate and true. Trooper Hawkins testified that he thought he was signing an affidavit which stated that he had received information from another officer and believed that information to be true. Trooper Hawkins testified he did not believe he was signing an

affidavit which represented that he had participated in the arrest of Sturgis.

We agree with the State that the trial court did not err in granting the motion in limine and excluding the evidence at trial. The affidavit and the circumstances surrounding it were not relevant to the charge. Evidence is relevant if it has the tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. *Henson v. State* (1989), Ind., 535 N.E.2d 1189. Evidence is not admissible unless it is relevant to some material issue in the case. *Malone v. State* (1982), Ind., 441 N.E.2d 1339. Here, the evidence that Trooper Hawkins erroneously signed an affidavit which indicated that he had personal knowledge of the arrest of Sturgis was not relevant. The mistaken representations in the affidavit do not tend to make the existence of any of the material elements of the charged offenses more or less probable than they would be without them. Troopers Kirkman and Cleveland testified at trial that they were the only officers on the scene and that all of the facts contained in the affidavit were true and had been either observed or performed by them. The trial court did not err in excluding the evidence.

*II.*

Sturgis argues the trial court erred by not instructing the jury as to the effect of the court's taking judicial notice of the administrative regulations. At the trial, the court took judicial notice of the Indiana Administrative Code's standards and regulations for the selection and certification of breath test equipment and chemicals.[3]

In *Baran v. State* (1994), Ind., 639 N.E.2d 642, our supreme court settled the question of whether evidence must be introduced concerning the conversion of alcohol content in breath to alcohol content in blood. The court noted that the administrative regulations for selecting and certifying breath test equip-

1. IC 9–11–2–2, recodified as IC 9–30–5–2.

2. IC 9–11–2–1, recodified as IC 9–30–5–1.

3. 260 I.A.C. 1.1–1–3; 260 I.A.C. 1.1–2–1; 260 I.A.C. 1.1–2–2; 260 I.A.C. 1.1–3–1; and 260 I.A.C. 1.1–4–4.

ment mandate that the machines must measure blood alcohol content as a percentage of alcohol by weight in blood. The court also noted that Indiana law requires courts to take judicial notice of regulations concerning breath testing equipment and procedures. In holding that the trial court did not err in taking judicial notice of the administrative regulations, our supreme court stated:

> We note that the trial court did not notify the parties that it would take judicial notice of the conversion from breath content to blood content and the meaning of the results on the printout. Because this was a bench trial and the court was commanded by statute to take judicial notice that the breath testing machines must measure blood alcohol content as a percentage of alcohol by weight in the blood, the absence of notice was not reversible error. Where a jury serves as the factfinder in a criminal case, however, the trial court must:
>
>> expressly take judicial notice of the effect of the Administrative Code's standards and regulations for the selection and certification of breath test equipment and chemicals; and
>>
>> instruct the jury "that it may, but is not required to, accept as conclusive any fact judicially noticed."
>
> Ind.Evidence Rule 201(g).

*Id.* at 648 (footnotes omitted).

■ Here, the trial court did not instruct the jury that it may, but was not required to, accept as conclusive those sections of the Administrative Code judicially noticed. Such was error. *Id.* However, we find the error to be harmless in this case.[4]

■ No error in anything done or omitted by the trial court is grounds for reversal on appeal unless refusal to take such action would be inconsistent with substantial justice. Ind.Trial Rule 61. If the trial court commits some error and that error might not have affected the outcome of the trial, such error is deemed harmless. *Hardin v. State* (1993), Ind., 611 N.E.2d 123.

■ Even though the trial court did not instruct the jury that it was not required to accept as conclusive any matter judicially noticed, such error was harmless because there was other evidence properly admitted that the printout from the breath test machine was a report of blood alcohol content as a percentage of alcohol by weight in blood. At trial, Trooper Cleveland testified:

> Deputy Prosecutor: And was that the Intoxilyzer there at the Bedford Police Department serial number 1175 that was used to record the test?
>
> Trooper Cleveland: Sixty four–001175, yes sir.
>
> Deputy Prosecutor: Okay, thank you. Having administered, oh by the way, it says subject test .11, does that measure blood alcohol by weight?
>
> Trooper Cleveland: Yes sir.

■ Error in admitting evidence is harmless where other evidence was received which stated the same facts. *Frey v. State* (1991), Ind.App., 580 N.E.2d 362, *trans. denied.* The failure to instruct the jury here was harmless.

Affirmed.

SHARPNACK, C.J., and RILEY, J. concur.

---

4. The State argues that the error was harmless because Sturgis was only found guilty of operating while intoxicated and not the operating with a BAC of .10 or greater charge. We disagree. The trial court instructed the jury that a BAC of .10 or greater is prima facie evidence of intoxication. Therefore, evidence of Sturgis' BAC of .11 was evidence from which the jury could find Sturgis guilty of the operating while intoxicated offense.