David E. MATNEY, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 55A01–9703–CR–80.

Court of Appeals of Indiana.

June 17, 1997.

Rehearing Denied Aug. 21, 1997.

Transfer Denied Oct. 22, 1997.

Brian H. Williams, Martinsville, for appellant.

Jeffrey A. Modisett, Attorney General, Phillip D. Hatfield, Deputy Attorney General, Indianapolis, for appellee.

## OPINION

ROBERTSON, Judge.

David E. Matney appeals his conviction, after a jury trial, of the theft of a package of cigarettes for which he received a three-year sentence. Matney raises three issues, none of which constitute reversible error.

## FACTS

The facts in the light most favorable to the verdict reveal that Matney lifted a package of cigarettes from a display in a store and concealed them under his shirt. Matney went through the check-out lane without paying for the cigarettes. When confronted by the store manager, Matney exclaimed that he was not even out of the store yet. Matney offered the store manager fifty dollars and to clean the store with a toothbrush to forget about the incident. While being detained in the office at the rear of the store, Matney stated that he could not get caught. Also, Matney chewed the cellophane wrapper off the top of the package and told one of the store employees not to tell that he had done so. Additional facts are supplied as necessary.

## I.

*Instruction on Ind.Code 35–43–4–4(c)*

Matney argues the trial court erred in instructing the jury as follows:

Evidence that a person concealed property displayed or offered for sale and removed the property from any place within the business premises at which it is ... displayed or offered to a point beyond that at which payment should be made, constitutes prima facie evidence of intent to deprive the owner of the property of its value or use, and that the person exerted unauthorized control over the property. The term conceal means to hide, secret, to keep out of sight or prevent the discovery of an item.

This instruction tracks the language of I.C. 35–43–4–4(c). At trial, Matney objected to the instruction "because this is going into the province of the jury, judging the facts." The trial court defined the term "prima facie evidence" in its instructions as:

Evidence good and sufficient on its face. Such evidence as in the judgment of the law, is sufficient to establish a given fact or the group or chain of facts constituting the parties [sic] claim or defense. And which if not rebutted or contradicted, will remain sufficient. Prima facie evidence is evidence, which if unexplained or uncontradicted, is sufficient to sustain a judgment in favor of the issue which it supports, but which may be contradicted by ... other evidence or cross-examination.

■ The State concedes that the "trial court may have erred in reading Indiana Code § 35–43–4–4(c) to the jury as an instruction." (State's brief p. 3). We hold that the instruction, which does not clearly advise the jury that the ultimate issue to be presumed from the evidence is only permissive and that the jury is free to accept or reject the presumption, constitutes an improper mandatory rebuttable presumption which relieves the State of the burden of persuasion on an element of the offense. *Collins v. State*, 567 N.E.2d 798, 801 (Ind.1991) (fundamental error); *Thompson v. State*, 646 N.E.2d 687, 689–92 (Ind.Ct.App.1995), *trans. denied.*

■ Nevertheless, fundamental error caused by an instruction which creates a mandatory rebuttable presumption will not require the reversal of a conviction where, after review of the entire record, the reviewing court concludes the error was harmless beyond a reasonable doubt. *Collins*, 567 N.E.2d at 801. Even constitutional error may be deemed harmless. *Frey v. State*, 580 N.E.2d 362, 365 (Ind.Ct.App.1991), *trans. denied.*

■ In the present case, unless the jury were to disbelieve and reject the testimony of the store employees completely, the jury would have been compelled to determine that the circumstances warranted the conclusion that Matney exerted unauthorized control over the cigarettes with the intent to deprive the store of their value. Therefore, we find no reversible error.

## II.

*Instruction Regarding Reasonable Doubt*

 The trial court gave the following instruction over Matney's objection:

> While the State must, in a criminal case, prove a defendant guilty of the crimes charged in each information beyond a reasonable doubt, they need not be proven beyond all doubt, for such proof could seldom, if ever, be proven.
>
> * * *
>
> The rule of law which cloaks the defendant with the presumption of innocence and imposes upon the State the burden of establishing his guilt beyond a reasonable doubt is not intended to aid anyone who is in fact guilty of the crime to escape just and merited punishment but is a humane provision of the law, intended as human agencies can, to guard against the danger of any innocent person being unjustly convicted.

Matney correctly points out that this type of instruction was specifically disapproved by our supreme court in *Spradlin v. State*, 569 N.E.2d 948, 951 (Ind.1991).

 In *Spradlin*, our supreme court noted that such instruction added little, if any, elucidation for the jury and recommended that it not be used in future cases. *Id.* The *Spradlin* court did not, however, hold that the giving of the instruction constituted reversible error. *Id.* Again, instructional error which could not have affected the outcome of the trial will be deemed harmless. *See Sturgis v. State*, 654 N.E.2d 1150, 1153 (Ind.Ct. App.1995), *trans. denied.*

As noted above, the evidence of Matney's guilt was overwhelming. Therefore, we find no reversible error.

## III.

*Judge's Ex–Parte Communication with Probation Officer*

During sentencing, the trial judge stated that she had spoken to Matney's former probation officer "[a]bout his probation and something that happened in his probation and just feelings about what might be good for Mr. Matney." Matney's counsel raised a general objection "for the record," but did not request that the judge disqualify herself.

 The State concedes that the ex-parte communication was improper but asserts that Matney's general objection was insufficient to preserve error. We agree with the State that Matney was required to move for a change of judge to preserve the alleged error related to the ex-parte communication. *See Wagner v. State*, 474 N.E.2d 476, 491 (Ind.1985) (A general objection ordinarily presents no issue on appeal without explanation of the prejudicial effect to be avoided); *Bell v. State*, 655 N.E.2d 129, 132 (Ind.Ct.App.1995) (Reversal warranted for the denial of a motion for a change of judge). After all, in the present case, the judge had stated that the communication pertained to what might be "good" for Matney. Matney may very well have hoped that the communication would benefit him. Counsel may not sit idly by, take no action, then complain of alleged irregularities on appeal. *Brown v. State*, 563 N.E.2d 103, 107 (Ind.1990) (Error waived where defendant did not move for a change of judge at a time when the alleged prejudice was known to him and when any possible harm could have been avoided.) Again, we find no reversible error.

Judgment affirmed.

BAKER and HOFFMAN, JJ., concur.