Sherene M. POLING, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 90A05–1006–CR–421.

Court of Appeals of Indiana.

Dec. 21, 2010.

Gregory F. Zoeller, Attorney General of Indiana, Zachary J. Stock, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Sherene M. Poling appeals her conviction for Class D felony theft arising from her act of stealing cigarettes from a store. Poling contends that the trial court abused its discretion by denying her request to instruct the jury on criminal conversion as a lesser included offense of theft and that the State committed prosecutorial misconduct during closing arguments by reading Indiana Code section 35–43–4–4(c), which indicates that concealing property offered for sale and removing it from the business premises constitutes prima facie evidence of theft. We conclude that the trial court did not abuse its discretion by refusing to instruct the jury on criminal conversion because there was no serious evidentiary dispute regarding Poling's intent to deprive the store of the cigarettes' value or use. Further, Poling has waived her claim of prosecutorial misconduct and thus must show fundamental error. Concluding that there is no error, much less fundamental error, in the State's reading of Section 35–43–4–4(c), we affirm.

### Facts and Procedural History

One day in April 2007, Poling twice visited Save–On Liquor in Bluffton. She purchased a quart of beer during her initial visit and later returned and purchased another quart of beer. After she paid for her beer during her second visit, Poling stood at the counter and had a conversation with another customer and Teresa Roop, the store clerk. Roop was behind the counter stocking beer. At one point, when Roop bent down to pick up a box,

Cara Schaefer Wieneke, Wieneke Law Office, LLC, Indianapolis, IN, Attorney for Appellant.

Poling grabbed a few packs of cigarettes from the counter and put them in her pocket. Roop thought she saw Poling put something in her pocket, but because she was unsure, she did not say anything about it. Poling left the store without paying for the cigarettes.

The next day, Roop told her supervisor to review the surveillance tape because she thought Poling may have stolen cigarettes. The surveillance tape showed Poling taking cigarettes from the counter, putting them in her pocket, and leaving.

The State charged Poling with Class D felony theft. Ind.Code § 35–43–4–2(a). At a jury trial in February 2010, the surveillance tape was played for the jury. Poling requested a jury instruction on the lesser included offense of criminal conversion. The trial court refused the instruction.

During closing arguments, the State quoted almost verbatim from Indiana Code section 35–43–4–4(c) by stating:

> Evidence that a person concealed property displayed or offered for sale and removed the property from any place within the premises at which it was displayed or offered to a point beyond that which payment should be made constitutes prima fa[cie] evidence of intent to deprive the owner of a part of the value and that that person exercised unauthorized control over the property.

Tr. p. 35–36. Poling objected before the State read from the statute, arguing that the trial court should be the source of instruction on the applicable law for the jury. The trial court overruled the objection. Poling objected again after the State read from the statute, arguing that the language of the statute would mislead the jury as to the burden of proof. The State responded:

> We can argue about whether it's misleading, but it is the law and it's prima

fa[cie] and prima fa[cie] means that you should accept at a first glance, but you are not bound by it because the burden is upon the State. The State's evidence has demonstrated that that prima fa[cie] evidence of intent was substantiated by the fact that she walked out the door and didn't pay for it. She removed it from the counter, she stuck it into her pocket, she did not go pay for it and she walked out of the store. That's the evidence of her intent, that's the evidence State of Indiana recognizes as prima fa[cie] proof of criminal intent. Counsel vigorously and appropriately argues for his client that this is a mistake, but there is no evidence in the record that this is a mistake. Deliberate grasp of items, deliberately placing them in her pocket and deliberately exiting the door. In Indiana that's theft and when people do it they should be found guilty and the evidence in that tape shows you she did it. The only evidence that you're going to get to decide this case is that tape, the witnesses you heard and the instruction the Court is going to give you. Thank you.

*Id.* at 36. The jury found Poling guilty as charged.

Poling now appeals her conviction.

### Discussion and Decision

Poling contends that the trial court abused its discretion by denying her request to instruct the jury on criminal conversion as a lesser included offense of theft and that the State committed prosecutorial misconduct during closing arguments by reading Section 35–43–4–4(c).

### I. Denial of Jury Instruction

Poling contends that the trial court abused its discretion by denying her request to instruct the jury on criminal conversion as a lesser included offense of theft.

When asked to instruct the jury on a lesser included offense, a trial court must determine whether the offense is inherently or factually included in the charged offense and, if so, whether there is a serious evidentiary dispute regarding any element that distinguishes the greater offense from the lesser offense. *Washington v. State*, 808 N.E.2d 617, 625 (Ind. 2004). If there is a serious evidentiary dispute such that a jury could conclude that the lesser offense was committed but not the greater, then it is reversible error for the trial court not to give the instruction. *Wright v. State*, 658 N.E.2d 563, 567 (Ind.1995). Where, as here, the trial court rejects a tendered instruction on a lesser included offense on its merits but the record provides neither a finding that there is no serious evidentiary dispute nor a specific claim from the defendant as to the nature of that dispute, the standard of review is an abuse of discretion. *Brown v. State*, 703 N.E.2d 1010, 1020 (Ind.1998).

"A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a Class D felony." I.C. § 35–43–4–2(a). "A person who knowingly or intentionally exerts unauthorized control over property of another person commits criminal conversion, a Class A misdemeanor." *Id.* § 35–43–4–3(a).

Indiana appellate courts have consistently held that criminal conversion is an inherently lesser included offense of theft because conversion may be established by proof of less than all the material elements of theft. *See, e.g., Wright*, 658 N.E.2d at 569 ("[T]he relationship between Theft and Criminal Conversion is paradigmatically that of a greater to an *inherently* lesser included offense."); *Shouse v. State*, 849 N.E.2d 650, 657 (Ind.Ct.App.2006) (conversion is an inherently lesser included offense of auto theft), *trans. denied.* Theft requires the additional element of intent to deprive the other person of any part of the property's value or use. *Compare* I.C. § 35–43–4–2(a) *with id.* § 35–43–4–3(a).

Here, Poling grabbed the cigarettes from the counter just as Roop bent down to pick up something. Poling stuffed the cigarettes in her pocket and left the store. In light of this evidence, we find no serious evidentiary dispute regarding Poling's intent to deprive the store of the cigarettes' value or use. *See Maisonet v. State*, 448 N.E.2d 1052, 1055 (Ind.1983) (finding no error in refusal of conversion instruction where, although defendant argued intent to deprive was not established by evidence, facts revealed that defendant concealed radios in plastic bag under his coat and carried them out of store). We cannot say the trial court abused its discretion by denying Poling's request to instruct the jury on criminal conversion as a lesser included offense of theft.

Nonetheless, Poling specifically argues that theft and criminal conversion are the same crime and that the rule of lenity and the Proportionality Clause of the Indiana Constitution thus entitled her to an instruction on conversion. She cites *Morris v. State*, 921 N.E.2d 40 (Ind.Ct.App.2010), *reh'g denied, trans. denied,* to support her argument. In that case, Morris went into J.C. Penney in December 2008 and stuffed numerous items of clothing into a black plastic trash bag. *Id.* at 41. Loss prevention supervisor Blair, who had apprehended Morris just fourteen months earlier for stealing jeans, saw Morris on the surveillance screens and went to the area to investigate. *Id.* Morris dropped the trash bag, made eye contact with Blair, then turned and walked toward the exit. *Id.* Blair and another security officer asked Morris to stop. *Id.* Morris continued walking and exited the store. *Id.*

When they apprehended him, they found only a toothbrush and a small pocket knife. *Id.*

Morris was charged with theft. *Id.* At his jury trial, Morris requested a jury instruction on criminal conversion as a lesser included offense of theft. *Id.* The evidence showed that Morris was homeless and destitute, and defense counsel claimed that Morris wanted to be taken to jail where he might receive food and shelter on that cold winter night. *Id.* at 43. The trial court refused the instruction. *Id.* at 41.

This Court found that, because there was an evidentiary dispute as to whether Morris intended to deprive J.C. Penney of the use and value of the clothing for any period of time, the facts in that case illustrated the elusive difference between theft and conversion as laid out by our legislature. *Id.* at 43. The Court concluded that the trial court abused its discretion by refusing the conversion instruction because, in light of the unique set of circumstances, a reasonable jury might find Morris guilty of conversion rather than theft. *Id.*

The Court then continued, "Even if we were to view theft and conversion as one and the same crime in every circumstance," *id.*, the rule of lenity and the Proportionality Clause of the Indiana Constitution would also entitle Morris to have the jury instructed on criminal conversion as a lesser included offense of theft, *id.* at 43–44. We conclude that this portion of the *Morris* opinion is dicta. To the extent that it is not dicta, we respectfully dis-

agree because theft and criminal conversion have been defined as separate crimes by our legislature. Indeed, the *Morris* Court's conclusion that a reasonable jury could find Morris guilty of conversion rather than theft illustrates the difference between the two crimes. Poling's reliance on *Morris* is thus unavailing.

The trial court did not abuse its discretion.

## II. Prosecutorial Misconduct

■ Poling also contends that the State committed prosecutorial misconduct during closing arguments by reading Section 35–43–4–4(c) nearly verbatim:

> Evidence that a person concealed property displayed or offered for sale and removed the property from any place within the premises at which it was displayed or offered to a point beyond that which payment should be made constitutes prima fa[cie] evidence of intent to deprive the owner of a part of the value and that that person exercised unauthorized control over the property.

Tr. p. 35–36.[1]

■ Generally, in order to properly preserve a claim of prosecutorial misconduct for appeal, a defendant must not only raise a contemporaneous objection, but he must also request an admonishment and, if the admonishment is not given or is insufficient to cure the error, then he must request a mistrial. *Lainhart v. State,* 916 N.E.2d 924, 931 (Ind.Ct.App.2009). Because Poling did not request an admonishment or move for a mistrial when the trial court overruled her objection, she has waived her prosecutorial misconduct claim

---

1. Section 35–43–4–4(c) provides:
     Evidence that a person:
         (1) concealed property displayed or offered for sale or hire; and
         (2) removed the property from any place within the business premises at which it was displayed or offered to a point be-
     yond that at which payment should be made;
     constitutes prima facie evidence of intent to deprive the owner of the property of a part of its value and that the person exerted unauthorized control over the property.

and must show fundamental error in order to be entitled to reversal. *See Brown v. State*, 799 N.E.2d 1064, 1066 (Ind.2003) ("Because Brown failed to request an admonishment or move for a mistrial when the trial court overruled his objection, his claim of prosecutorial misconduct is procedurally foreclosed and reversal on appeal requires a showing of fundamental error."). Poling does not assert fundamental error, and we find none.

▇▇▇▇ In order for prosecutorial misconduct to constitute fundamental error, the misconduct must constitute a clearly blatant violation of basic and elementary principles of due process, present an undeniable and substantial potential for harm, and make a fair trial impossible. *Lainhart*, 916 N.E.2d at 931. Additionally, the alleged misconduct must have subjected the defendant to grave peril and had ·a probable persuasive effect on the jury's decision. *Id.* at 931–32. The gravity of the peril turns on the probable persuasive effect of the misconduct on the jury's decision, not on the degree of impropriety of the conduct. *Id.* at 932. In judging the propriety of a prosecutor's remarks, the court considers the statements in the context of the argument as a whole. *Id.*

Poling cites *Matney v. State*, 681 N.E.2d 1152, 1153 (Ind.Ct.App.1997), *reh'g denied*, *trans. denied*, in support of her argument that the State committed prosecutorial misconduct. In that case, Matney concealed a package of cigarettes he had taken from a store display and went through checkout without paying for the cigarettes. *Id.* At his jury trial, the trial court tracked the language of Section 35–43–4–4(c) when instructing the jury. *Id.* On appeal, this Court found error:

> We hold that the instruction, which does not clearly advise the jury that the ultimate issue to be presumed from the evidence is only permissive and that the

jury is free to accept or reject the presumption, constitutes an improper mandatory rebuttable presumption which relieves the State of the burden of persuasion on an element of the offense.

*Id.* In light of the overwhelming evidence of Matney's guilt, however, this Court concluded that the error was harmless. *Id.*

▇▇▇ *Matney* is distinguishable from this case for two reasons. First, the trial court in *Matney* instructed the jury on Section 35–43–4–4(c). Here, the prosecutor read Section 35–43–4–4(c) during closing argument. It is proper for a prosecutor to argue both law and fact during final argument and propound conclusions based upon his analysis of the evidence. *Hand v. State*, 863 N.E.2d 386, 394 (Ind.Ct.App. 2007). Second, the trial court in *Matney* did not provide any additional clarification that the State still has the burden of proof because a prima facie case of theft establishes evidence from which a factfinder could infer but need not find theft. In this case, however, the prosecutor clarified that "prima fa[cie] means that you should accept at a first glance, but you are not bound by it because the burden is upon the State." The prosecutor thus specifically noted that a prima facie case was not determinative of theft because the State has the burden of proof. We find no misconduct, much less fundamental error.

To the extent Poling argues that the prosecutor made an improper bolstering statement by claiming that evidence that Poling removed the cigarettes from the counter, put them in her pocket, and left the store without paying for them is "evidence State of Indiana recognizes as prima fa[cie] proof of criminal intent," we disagree. The prosecutor's statement is an accurate application of the law, and given that the prosecutor explained that a prima facie case was not determinative of theft

because the State has the burden of proof, we find no error.

Affirmed.

BAKER, C.J., and BARNES, J., concur.