# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**MATTHEW D. ANGLEMEYER**
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DEKUITA STEEN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1211-CR-877 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable James B. Osborn, Judge
Cause No. 49F15-1012-FD-89974

**May 2, 2013**

**OPINION - FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Dekuita Steen appeals her Class D felony theft conviction. She contends that the trial court erred in admitting a loss-prevention officer's testimony concerning security tags and store labels into evidence because it was inadmissible hearsay and there is insufficient evidence to sustain her conviction. Finding that the evidence was properly admitted and the evidence is sufficient, we affirm.

**Facts and Procedural History**

On Black Friday, November 26, 2010, Kyle Hadley, a loss-prevention officer employed by U.S. Security, was working at H & M clothing store in Circle Centre Mall. Hadley saw a large group of women enter H & M. One woman, Steen, was pushing a stroller, but there was no child inside. Hadley watched Steen for about half an hour and saw her take items such as jeans, shirts, and children's clothing and place them on top of the stroller. Steen then moved to the children's department between shelves and a wall and began putting the clothing items inside bags on the bottom of the stroller. Hadley watched this happen through the shelves and had a clear view of Steen's actions.

The group of women Steen entered the store with left, and Steen exited the store without paying for the clothes in the stroller about a half minute later. As Steen left H & M, the store's E.A.S. podiums, which scan the electronic tags on items that have to be deactivated at the registers, began beeping. Hadley followed Steen out of the store and into the mall, stopping her after she had walked past two or three other stores. Hadley identified himself and showed his loss-prevention officer badge and identification card.

Hadley asked Steen to return to H & M so that they could talk about the clothing that she took without purchasing.

Steen followed Hadley willingly back to the store, but as they started to enter the store, Steen said that she did not know what Hadley was talking about and she refused to go into the store office. Steen started to walk away so Hadley grabbed her arm. Steen pulled away and began to resist, so Hadley placed her in handcuffs and escorted her and the stroller into the store office. Once inside the office, Hadley removed the clothing from the bags in the bottom of the stroller and recognized it as the same clothing he had seen Steen select and take out of the store. Hadley also saw the H & M security tags and store labels on the clothing.

Hadley requested to see Steen's identification, and she showed him an identification card. She stated that the address on the identification was incorrect, so she gave Hadley another address and social-security number. Hadley confirmed that the person pictured on the identification was Steen. At that time, the store manager told Hadley that the women that Steen had come to the store with earlier had returned and were grabbing large amounts of merchandise. Hadley asked the manager to stand in front of the office door so he could go see what was happening. When Hadley returned, the manager told him that Steen had left through the back room and gone down the fire escape. Hadley looked for Steen in the fire escape and went down to the floor level, but he could not find her. Hadley flagged down an Indianapolis Metropolitan Police Department officer and gave the officer a description of Steen. Four days later, IMPD

Detective Julie Busic contacted Hadley and asked to meet with him, and Hadley identified Steen from a photograph.

The State charged Steen with Class D felony theft and Class A misdemeanor conversion, but it later dropped the conversion charge. A jury trial was held and Steen was found guilty. The trial court sentenced her to 365 days with 363 days suspended to probation.

Steen now appeals.

## Discussion and Decision

Steen raises two arguments on appeal: (1) whether the trial court erred in admitting a loss-prevention officer's testimony concerning security tags and store labels into evidence and (2) whether there is sufficient evidence to sustain her conviction for Class D felony theft.

## I. Security Officer's Testimony

Steen contends that the trial court erred in admitting the loss-prevention officer's testimony concerning the security tags and store labels that were on the clothing because it was inadmissible double hearsay. A trial court has broad discretion in ruling on the admission or exclusion of evidence. *Kimbrough v. State*, 911 N.E.2d 621, 631 (Ind. Ct. App. 2009). The trial court's ruling on the admissibility of evidence will be disturbed on review only upon a showing of an abuse of discretion. *Id.* An abuse of discretion occurs when the trial court's ruling is clearly against the logic, facts, and circumstances presented. *Id.* Error may not be predicated upon a ruling that admits or excludes evidence unless a substantial right of the party is affected. Ind. Evidence Rule 103.

4

Steen argues that both the security tags and store labels on the clothing and Hadley's testimony about the tags and labels constitute hearsay. We disagree.

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Ind. Evidence Rule 801(c). We find that the security tags and store labels in this case do not fall under this definition and therefore are not hearsay. While the security tags and store labels are not in evidence, we assume based on the parties' briefs that the security tags and the store labels contained the writing "H & M." This writing, taken by itself, is not capable of being true or not true.[1] Since it is not capable of being true or not true, the clothing labels could not have been admitted for the truth of the matter asserted. Rather, they were admitted as circumstantial evidence showing that because the tags were attached to the clothing, it made it more likely than not that the clothing belonged to H & M. Since the security tags and store labels inside the clothing were not out-of-court assertions admitted for the truth of the matter asserted, they did not constitute hearsay evidence.

As for Hadley's testimony about the clothing labels, the trial court stated that Hadley was "testifying to what he observed," Tr. p. 76, and we agree.[2] A witness may

---

[1] This distinguishes the present case from those that the State refers to in its brief in which price tags were deemed to be hearsay since they were admitted for the truth of the price listed on the label in order to establish the value of an item. *See, e.g.*, *Stephans v. State*, 262 P.3d 727, 732 (Nev. 2011); *Robinson v. Com.*, 516 S.E.2d 475, 478 (Va. 1999); *State v. Odom*, 393 S.E.2d 146, 151 (N.C. Ct. App. 1990).

[2] We note that this is not a best-evidence argument. *See Lawson v. State*, 803 N.E.2d 237, 240-41 (Ind. Ct. App. 2004), *trans. denied*. As best we can understand, this is a personal-knowledge argument, and we agree with the trial court's ruling.

testify to what he observed as long as it is based on his personal knowledge of the matter. Ind. Evidence Rule 602. Since Hadley was testifying to his personal knowledge of what he saw on the clothing, the H & M security tags and store labels, his testimony was proper and not inadmissible hearsay.

The trial court did not err in admitting Hadley's testimony at trial.

## II. Sufficiency of the Evidence

Steen also contends that there is insufficient evidence to sustain her conviction. Our standard of review with regard to sufficiency claims is well settled. In reviewing a sufficiency of the evidence claim, this Court does not reweigh the evidence or judge the credibility of the witnesses. *Bond v. State*, 925 N.E.2d 773, 781 (Ind. Ct. App. 2010), *reh'g denied*, *trans. denied*. We consider only the evidence most favorable to the verdict and the reasonable inferences draw therefrom and affirm if the evidence and those inferences constitute substantial evidence of probative value to support the verdict. *Id.* Reversal is appropriate only when a reasonable trier of fact would not be able to form inferences as to each material element of the offense. *Id.*

Class D felony theft is governed by Indiana Code section 35-43-4-2(a) which states that "A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of its value or use, commits theft, a Class D felony." Steen argues that the State presented no evidence that H & M owned the clothes she took out of the store and no evidence that Steen exerted unauthorized control over the clothes. We disagree.

6

The evidence presented at trial showed that Hadley, while working at H & M, watched Steen select clothing items from the store, place them on top of the stroller, put them inside bags on the bottom of the stroller, and walked out of the store, causing the E.A.S. podiums to beep. Tr. p. 70-71. When Hadley brought Steen back into the store and removed the items from the bags, he testified that they were the same items that he saw her earlier select from the store. *Id.* at 76. Hadley also testified that he saw the H & M security tags and store labels on the items. *Id.* This is sufficient evidence that H & M owned the clothes that Steen took out of the store.

The evidence also showed that Steen exerted unauthorized control over the clothes. She placed the clothes into bags in the stroller and walked out of the store without paying for them. *Id.* at 71, 73. Hadley also testified that he let Steen walk out of the store and past both doors of H & M to ensure "that she wasn't looking for those people that was with her…maybe, you know, for – if they had something of hers to pay – anything like that. I wanted to make sure that she was intentionally leaving the store without wanting to pay for the merchandise." *Id.* at 73. Finally, when Hadley stepped out of the store office while he was questioning Steen, she fled from the store and down the fire escape, *id.* at 78, providing circumstantial evidence of her guilt. *Gee v. State*, 526 N.E.2d 1152, 1158 (Ind. 1988). This is sufficient evidence to show that Steen exerted unauthorized control over the clothes that she took out of the store. We therefore affirm Steen's Class D felony theft conviction.

Affirmed.

KIRSCH, J., and PYLE, J., concur.