**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**ELIZABETH A. BELLIN**
Elkhart, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRYAN J. FIELDS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A03-1308-CR-330 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable Charles C. Wicks, Judge
Cause No. 20D05-1208-FD-974

**April 16, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Chief Judge**

**Case Summary**

Brian J. Fields appeals his conviction for Class D felony theft. Fields contends that the prosecutor committed misconduct at his trial and the evidence is insufficient to support his conviction. Finding that the prosecutor did not commit misconduct and the evidence is sufficient, we affirm.

**Facts and Procedural History**

One day in December 2011, a customer approached Scott Evans, the manager of a Pet Supplies Plus in Goshen, Indiana, and said she saw a man, Fields, acting suspicious. Tr. p. 69-70. Evans looked outside and saw Fields, who had just exited the store after purchasing some items, getting on his moped. Evans approached Fields and asked to see his receipt. *Id.* at 70. Evans saw that Fields had a couple bags of live fish and a cat toy, and these items were on the Pet Supplies Plus receipt. *Id.* at 71. Fields also had three other items for a dog—a bully stick, a pig snout, and a rawhide chew—but none of these items were on the Pet Supplies Plus receipt. *Id.* Fields said that he had purchased the three dog items at another store, but Evans did not believe him because the brand of one of the items was exclusive to Pet Supplies Plus stores. *Id.* at 77. Evans told Fields to wait while he went inside to get a pen to take Fields's contact information. *Id.* at 107. When he returned about a minute later, Fields was driving away. *Id.* at 78-79, 109. Evans contacted police. *Id.* at 80.

The State charged Fields with Class D felony theft. His jury trial was in June 2013. At Fields's trial, jurors viewed the pet store's surveillance video. The video showed Fields walking down aisle one, where only dog items—including bully sticks, pig

2

snouts, and rawhides—were kept. *Id.* at 84-85; State's Ex. 2. The video also shows Fields pausing to reach toward merchandise in aisle one. State's Ex. 2. Throughout his trial, Fields claimed that he had purchased the bully stick, pig snout, and rawhide from other stores in the nearby city of Mishawaka, and he denied stealing anything from the Goshen Pet Supplies Plus. Tr. p. 129, 136. On cross-examination, the prosecutor asked if Fields had any receipts from the other stores where he claimed to have purchased the bully stick, pig snout, and rawhide. Fields replied that he "looked for them, and [] did not find them." *Id.* at 140. The prosecutor also asked Fields if he had used any of his rewards cards to track the Mishawaka purchases since "you're sitting here saying that you didn't take any of those [dog] items [from the Goshen Pet Supplies Plus]." *Id.* Fields said he had not. *Id.* When asked why he left the store before the manager returned to take his contact information, Fields said he had not given it much thought, saying it "wasn't like a[n] assess-the-situation type of thing." *Id.* at 142.

In his closing argument, the prosecutor commented on Fields's claim that he bought the bully stick, pig snout, and rawhide from other stores:

- "We don't have a receipt to show that [Fields] paid for the [dog items]."
- "[Fields] testified that he bought all of the dog items in [] Mishawaka, either Petco or at Pet Supplies Plus or PetSmart."
- "[Fields] didn't think it was important enough to check the rewards card program records, his bank records. He didn't provide you with any receipts today."
- "[H]e didn't have a single receipt to show you today knowing that he [has been] charged with a felony."

*Id.* at 153, 176-78.

The jury found Fields guilty. The trial court gave him a two-year sentence, with eighteen months suspended and six months executed in a community-corrections program. *See* Appellant's App. p. 74.

Fields now appeals.

## Discussion and Decision

Fields appeals his conviction for Class D felony theft. He contends that the prosecutor committed misconduct at his trial and the evidence is insufficient to support his conviction.

## I. Prosecutorial Misconduct

Fields claims that the prosecutor committed misconduct at his trial. Specifically, Fields claims that the prosecutor improperly shifted the burden of proof onto him by commenting on his failure to produce a receipt for the three dog items he claimed to have purchased at other stores. Fields concedes that he did not object to any of the prosecutor's comments that he now challenges.

Generally, in order to preserve a claim of prosecutorial misconduct for appeal, a defendant must not only raise a contemporaneous objection but also request an admonishment, and if the admonishment is not given or is insufficient to cure the error, then the defendant must request a mistrial. *Poling v. State*, 938 N.E.2d 1212, 1217 (Ind. Ct. App. 2010) (citation omitted). Because Fields did not object, he has waived his prosecutorial-misconduct claim and must show fundamental error to be entitled to reversal. *Id.* (citation omitted).

Fields is correct that the State may not suggest that the burden of proof shifts to the defendant during a criminal case. *Dobbins v. State*, 721 N.E.2d 867, 874 (Ind. 1999). But prosecutors are entitled to respond to allegations and inferences raised by the defense even if the prosecutor's response would otherwise be objectionable. *Dumas v. State*, 803 N.E.2d 1113, 1118 (Ind. 2004) (citing *Brown v. State*, 746 N.E.2d 63, 68 (Ind. 2001)). Here, Fields repeatedly denied stealing from the Goshen Pet Supplies Plus; throughout his trial he claimed that he had purchased the bully stick, pig snout, and rawhide from other stores in nearby Mishawaka. The prosecutor was entitled to counter with the argument that Fields had not produced a receipt or other evidence to support that claim. *See Harris v. State*, 644 N.E.2d 552, 554 (Ind. 1994) (Prosecutor did not commit misconduct by comparing the believability of defendant's contention to the State's contention). Because we find no error in the prosecutor's conduct, Fields's claim of fundamental error fails.

## II. Sufficiency of the Evidence

Fields also contends that there is insufficient evidence to sustain his theft conviction. Our standard of review with regard to sufficiency claims is well settled. In reviewing a sufficiency of the evidence claim, this Court does not reweigh the evidence or judge the credibility of the witnesses. *Steen v. State*, 987 N.E.2d 159, 163 (Ind. Ct. App. 2013) (citation omitted), *trans. denied.* We consider only the evidence most favorable to the verdict and the reasonable inferences drawn therefrom and affirm if the evidence and those inferences constitute substantial evidence of probative value to

support the verdict. *Id.* Reversal is appropriate only when a reasonable trier of fact would not be able to form inferences as to each material element of the offense. *Id.*

Class D felony theft is governed by Indiana Code section 35-43-4-2(a), which states that "A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of its value or use, commits theft, a Class D felony."

After receiving a tip that Fields had acted suspiciously in the store, the manager of the Goshen Pet Supplies Plus confronted Fields in the parking lot and asked to see his receipt. Fields had a receipt for the live fish and cat toy in his possession, but he did not have a receipt for the bully stick, pig snout, or rawhide in his possession. The manager asked Fields to wait while he went inside to get a pen to take down Fields's contact information, but Fields drove away on his moped.[1] The store's video surveillance showed Fields walking down aisle one, where only dog items—including bully sticks, pig snouts, and rawhides—were kept. The video also shows Fields pausing to reach toward merchandise in aisle one. From this, the jury could draw a reasonable inference that Fields had committed theft. The jury was also entitled to reject Fields's claim that he purchased the bully stick, pig snout, and rawhide from other stores in a nearby city. We therefore affirm Fields's Class D felony theft conviction.

Affirmed.

NAJAM, J., and BROWN, J., concur.

---

[1] Evidence of flight is relevant as circumstantial evidence of guilt. *See Maxey v. State*, 730 N.E.2d 158, 162 (Ind. 2000) (citation omitted).

6