

**FILED**

Mar 27 2015, 9:42 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Timothy P. Broden<br>Lafayette, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana |
| | George P. Sherman<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jimmy Wallen, Jr.,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | March 27, 2015<br><br>Court of Appeals Case No.<br>79A02-1407-CR-469<br><br>Appeal from the Tippecanoe Superior Court.<br><br>The Honorable Les A. Meade, Judge.<br><br>Cause No. 79D05-1309-FD-424 |

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Defendant, Jimmy Wallen, Jr. (Wallen), appeals his conviction of theft, a Class D felony, Ind. Code § 35-43-4-2 (2013).

We affirm.

## ISSUE

Wallen raises one issue on appeal, which we restate as follows: Whether the trial court abused its discretion by giving an improper jury instruction.

## FACTS AND PROCEDURAL HISTORY

On the afternoon of July 17, 2013, Robert Loop (Loop) was working as an asset protection associate at Walmart in Lafayette, Indiana, when he observed a man and woman—later identified as Wallen and his girlfriend, Athena Dulin (Dulin)—enter the store and proceed directly to the electronics department. Noticing Dulin's "large seemingly empty purse[,]" Loop began monitoring their activity. (Tr. p. 90). From a nearby aisle, Loop watched as Wallen "quickly select[ed] a [PlayStation] starter kit and then handed it to [Dulin]." (Tr. p. 47). Wallen also selected a pair of wireless headphones and passed them to Dulin.

Wallen and Dulin exited the electronics department, and Loop maintained a close vantage point as they found an empty aisle in the baby department. There, Dulin removed the PlayStation starter kit and headphones from their packages and placed the items in her purse. Dulin then concealed the empty packaging "on the bottom shelf behind other merchandise." (Tr. p. 51).

Wallen and Dulin subsequently separated. Because the store's merchandise was in Dulin's purse, Loop focused his surveillance on her as she walked over to the racks of girls' clothes. After removing numerous articles of clothing from their hangers and stowing everything in her purse, Dulin rejoined Wallen in the boys' apparel section. Both Wallen and Dulin selected several more pieces of clothing, removed the hangers, and discarded the tags on the floor, and then Dulin stuffed all of the items into her purse.

[6] Without stopping to look at any more merchandise, Wallen and Dulin headed toward the front of the store, bypassing the cash registers. When they exited through the first set of doors and were in the atrium, Loop approached Wallen and Dulin, introduced himself, and requested that they "return to the store to discuss the merchandise." (Tr. p. 58). Wallen complied, but Dulin—with her purse in tow—fled to the parking lot and drove off. At that point, Loop contacted the Lafayette Police Department, and Officer Khoury Elias arrived to investigate. Upon questioning, Wallen denied any involvement in or knowledge of the shoplifting. No merchandise was found in his possession.

[7] On September 6, 2013, the State filed an Information, charging Wallen with Count I, theft, a Class D felony, I.C. § 35-43-4-2 (2013); and Count II, conversion, a Class A misdemeanor, I.C. § 35-43-4-3 (2013). On May 8, 2014, the trial court conducted a jury trial. At the close of the evidence, the jury returned a guilty verdict on both Counts. On June 5, 2014, the trial court held a sentencing hearing. Due to double jeopardy considerations, the trial court

merged Count II into Count I and imposed a three-year sentence, fully executed in Tippecanoe County Community Corrections.

[8] Wallen now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[9] Wallen claims that the trial court improperly instructed the jury on the intent element of his charged offense. In general, instruction of the jury is a matter reserved to the sound discretion of the trial court and is subject to review only for an abuse of that discretion. *Townsend v. State*, 934 N.E.2d 118, 127 (Ind. Ct. App. 2010), *trans. denied*. The purpose of jury instructions is to apprise "the jury of the law applicable to the facts without misleading the jury and to enable it to comprehend the case clearly and arrive at a just, fair, and correct verdict." *Id.* Jury instructions should "be considered as a whole and in reference to each other." *Id.* at 130. Accordingly, we will not reverse unless the instructions, when considered together, "misstate the law or mislead the jury." *Id.*

[10] During the trial, the State proposed the following jury instruction:

> **Instruction 12.47 Evidence of theft and/or conversion – I.C. 35-43-4-4**
> The price tag or price marking on property displayed or offered for sale constitutes evidence of the value and ownership of the property.
> Evidence that a person:
>     (1) concealed property displayed or offered for sale; and
>     (2) removed the property from any place within the business premises at which it was displayed or offered to a point beyond that at which payment should be made;
> constitutes evidence of intent to deprive the owner of the property of a

part of its value and/or that the person exerted unauthorized control over the property.

(Appellant's App. p. 21). Over Wallen's objection that the instruction impermissibly highlights specific evidence and also "constitut[es] [an] improper mandatory [rebuttable] presumption[,]" the trial court tendered it to the jury. (Tr. pp. 137-38).

[11] In order to prove that Wallen committed theft as a Class D felony, the State was required to establish that he knowingly or intentionally exerted unauthorized control over Walmart's property, with the intent to deprive Walmart of the value or use thereof. I.C. § 35-43-4-2(a) (2013). The jury was explicitly instructed that the State had to "prove each element of the crime" beyond a reasonable doubt. (Appellant's App. p. 22). Wallen now contends that the challenged instruction invaded the role of the jury by presuming an ultimate issue of the case. We agree.

[12] In particular, we find that the instruction is erroneous because it does not afford the jury an opportunity to determine whether the evidence revealing that merchandise was concealed in Dulin's purse is proof that Wallen intended to deprive Walmart of its value or that he exerted unauthorized control over the property; instead, it prompts the jury to reach such a conclusion. *See Chandler v. State*, 581 N.E.2d 1233, 1236 (Ind. 1991). Our court has previously found error in a jury instruction that, as in the present case, tracked the language of Indiana Code section 35-43-4-4, which delineates the types of evidence that may be used to establish the crime of theft. In *Matney v. State*, 681 N.E.2d 1152, 1153 (Ind.

Ct. App. 1997), *reh'g denied*; *trans. denied*, we found that the instruction failed to "clearly advise the jury that the ultimate issue to be presumed from the evidence is only permissive and that the jury is free to accept or reject the presumption." *Id.* We concluded that the instruction "constitute[d] an improper mandatory rebuttable presumption which relieve[d] the State of the burden of persuasion on an element of the offense." *Id.*

[13] As our supreme court has explained, "[a] mandatory presumption instructs the jury that it must infer the presumed fact if the State proves certain predicate facts." *Brown v. State*, 691 N.E.2d 438, 444 (Ind. 1998). Such presumptions violate due process because "they relieve the State of the burden of persuasion on an element of an offense." *Id.* If, however, a jury instruction creates a permissive inference rather than a mandatory presumption, the State remains burdened "to convince the jury that the suggested conclusion should be inferred based on the predicate facts proved." *Id.*

[14] Here, the instruction states that evidence that a person has concealed and removed property from its point of display "constitutes evidence of intent to deprive the owner of the property of a part of its value and/or that the person exerted unauthorized control over the property." (Appellant's App. p. 21). Nothing in the instruction informs the jurors that they *may* infer Wallen's criminal intent from such evidence. *See Brown*, 691 N.E.2d at 445 (noting that "the phrases 'may look to,' 'may infer,' and 'may consider,' are indicative of permissive inferences, not mandatory presumptions"). Rather, the instruction indicates that the evidence *requires* the jury to reach such a conclusion.

Therefore, we hold that the jury instruction is improper because it relieves the State of its burden to prove the element of intent.

[15] Nevertheless, the State asserts that reversal is not warranted because any error in the giving of the jury instruction was harmless. Errors in jury instructions are harmless if the "conviction is clearly sustained by the evidence and the jury could not properly have found otherwise." *Dill v. State*, 741 N.E.2d 1230, 1233 (Ind. 2001). Thus, an instruction error will warrant reversal only if we "'cannot say with complete confidence' that a reasonable jury would have rendered a guilty verdict had the instruction not been given." *Id.*

[16] In the present case, Loop testified that he directly observed as *both* Wallen and Dulin selected several items of electronic and clothing merchandise, removed the tags and packaging, and concealed the goods in Dulin's purse. They then proceeded to the store's exit without stopping at the cash registers. In addition, the jury viewed the footage from Walmart's video surveillance, which captured Wallen and Dulin "selecting merchandise and leaving the store." (Tr. p. 65). Wallen directs our attention to Dulin's testimony that Wallen was completely oblivious to the fact that she had concealed merchandise in her purse, but it is well established that our court will not interfere with the jury's determinations of witness credibility and evidentiary weight. Accordingly, because there was overwhelming evidence from which the jury could independently conclude that Wallen exerted unauthorized control over Walmart's merchandise with the intent to deprive the store of the value thereof, we conclude that the error in the instruction was harmless. *See Matney*, 681 N.E.2d at 1153.

## CONCLUSION

Based on the foregoing, we conclude that the trial court abused its discretion in tendering the jury instruction; however, such error was harmless in light of the evidence of Wallen's guilt.

Affirmed.

Vaidik, C. J. concurs

Baker, J. concurs in result with separate opinion

# IN THE
# COURT OF APPEALS OF INDIANA

Jimmy Wallen, Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

Court of Appeals Case No.
79A02-1407-CR-469

**Baker, Judge, concurring in result.**

While I concur in the result reached by the majority, I must part ways with its analysis regarding the jury instruction. The majority finds that the instruction is problematic based on this Court's opinion in *Matney v. State*, 681 N.E.2d 1152 (Ind. Ct. App. 1997). In *Matney*, the jurors were instructed as follows:

> [e]vidence that a person concealed property displayed or offered for sale and removed the property from any place within the business premises at which it is . . . displayed or offered to a point beyond that at which payment should be made, constitutes *prima facie* evidence of intent to deprive the owner of the property of its value or use, and that the person exerted unauthorized control over the property.

*Id.* at 1153 (emphasis added). The *Matney* Court then noted the way in which the trial court defined "prima facie evidence" for the jury and concluded that the instruction was improper because it did not "clearly advise the jury that the ultimate issue to be presumed from the evidence is only permissive and that the jury is free to accept or reject the presumption . . . ." *Id.*

[22] In the instant case, unlike in *Matney*, the jury was not instructed that evidence of concealment plus removal constitutes prima facie evidence of intent to deprive. Instead, the jury was merely instructed that evidence of concealment plus removal constitutes "evidence" of intent to deprive. Appellant's App. p. 21. In my view, there is a marked distinction between "prima facie evidence," which necessarily implies a presumption, and "evidence" alone, which merely informs the jury of what facts may constitute evidence of intent. I believe that the jury instruction in this case is appropriate and accurate, and part ways with the majority's conclusion that it was erroneous. I agree with the result reached by the majority, however, and would likewise affirm Wallen's conviction.