BAKER, Judge,
concurring in result.
[21] While- I concur - in the result reachéd by .the'majority, I must-part ways with its analysis regarding the jury instruction. - The majority finds that -the inr struction is problematic based on this Court’s opinion in Matney v. State, 681 N.E.2d 1152 (Ind.Ct.App.1997). In Mat-ney, the jurors were instructed as follows:
[e]vidence that a person concealed property displayed or offered for sale and removed the property from any- place within the business premises at which it is ... displayed or offered to- a point *333 beyond that at which payment should be made, constitutes prima facie evidence of intent to deprive the owner of the property of its value or use, and that the person exerted unauthorized control over the property.
Id. at 1153 (emphasis added). The Mat-ney Court then noted the way in which the trial court defined “prima facie evidence” for the jury and concluded that the instruction was improper because it did not “clearly advise the jury that the ultimate issue to be presumed from the evidence is only permissive and that the jury is free to accept or reject the presumption.Id.
[22] In the instant case, unlike in Mat-ney, the jury was not instructed that evidence of concealment plus removal constitutes prima facie evidence of intent to deprive. Instead, the jury was merely instructed that evidence of concealment plus removal constitutes “evidence” of intent to deprive. Appellant’s App. p. 21. In my view, there is a marked distinction between “prima facie evidence,” which necessarily implies a presumption, and “evidence” alone, which merely informs the jury of what facts may constitute evidence of intent. I believe that the jury instruction in this case is appropriate and accurate, and part ways with the majority’s conclusion that it was erroneous. I agree with the result reached by the majority, however, and would likewise affirm Wal-len’s conviction.